**Billy GROSS, Appellant,**

**v.**

**O. E. BISHOP, Superintendent of the Arkansas State Penitentiary, Appellee.**

**No. 18669.**

United States Court of Appeals Eighth Circuit.

May 18, 1967.

W. P. Hamilton, Little Rock, Ark., for appellant on brief.

Joe Purcell, Atty. Gen., Little Rock, Ark., and R. D. Smith, III, Asst. Atty. Gen., for appellee on brief.

Before VOGEL, Chief Judge, and BLACKMUN and HEANEY, Circuit Judges.

BLACKMUN, Circuit Judge.

Billy Gross, a prisoner in the state penitentiary at Grady, Arkansas, appeals, in forma pauperis and with appointed counsel, from the denial of his petition for a writ of habeas corpus. Judge Harris issued the certificate of probable cause required by 28 U.S.C. § 2253, and we must review. Nowakowski v. Maroney, 386 U.S. 542, 87 S.Ct. 1197, 18 L. Ed.2d 282 (1967).

The primary facts are not in dispute. On November 4, 1958, upon a plea of guilty, Gross was convicted in the Circuit Court of Pulaski County, Arkansas, of the state offenses of burglary, larceny, and forgery and uttering. The

court imposed a five year prison sentence but, pursuant to Ark.Stat.Ann. § 43–2324 (Repl. 1964),[1] suspended this sentence for five years.

On October 16, 1963, almost at the end of the five year period, the sentencing court revoked the suspension and Gross was incarcerated in the state penitentiary. No transcript of this revocation proceeding was made but the judge later prepared written "Recollections * * * as to the facts he considered" in the revocation. These included (a) advice received from the prosecuting attorney of Conway County, Arkansas, that Gross had then been charged with first degree murder "in connection with a vicious killing in that county"; (b) the prosecutor's statement that it would be safer to keep Gross in the penitentiary than in the local jail; and (c) the court's being advised of the details of the alleged crime, issuing a citation to show cause, appointing an attorney to represent Gross, and holding a hearing. The revocation was effected prior to the murder trial.

On March 5, 1964, a jury convicted Gross on the murder charge. He received a life sentence and is now in the penitentiary serving that sentence. We must assume that that three-year-old conviction has become final.[2]

On November 5, 1965, two years after the revocation of the suspension of his 1958 sentence and 20 months after his murder conviction, Gross filed a petition for a writ of habeas corpus with the Circuit Court of Pulaski County. This petition was denied. On appeal the denial was affirmed by a unanimous Supreme Court of Arkansas. Gross v. State, 240 Ark. 926, 403 S.W.2d 75 (1966). That Court, in so affirming, held that under § 43–2324 a subsequent conviction is not a condition precedent to revocation of a suspension of a sentence; that under the statute a trial court may revoke suspension when it "is persuaded that it is for the best interests of the defendant and of society"; that conviction for a subsequent offense "is by no means decisive" in a revocation proceeding and may well be given little or no weight; that suspension is conditioned upon good behavior; that permitting a convict to remain at large "while known to be engaging in flagrant misconduct involving criminal and homicidal tendencies is against the best interests of the accused and the public"; that revocation is not to be disturbed "except upon a showing of gross abuse of the discretion of the court"; and that there was no abuse of discretion in Gross' case.

Gross then promptly (within a month) personally filed the federal habeas peti-

---

1. "43–2324. Postponing pronouncement of sentence.—Whenever, in criminal trials in all courts of record, a plea of guilty shall have been accepted or a verdict of guilty shall have been rendered, the Judge trying the case shall have authority, if he shall deem it best for the defendant and not harmful to society, to postpone the pronouncement of final sentence and judgment upon such conditions as he shall deem proper and reasonable as to probation of the person convicted, the restitution of the property involved, and the payment of the costs of the case. Such postponement shall be in the form of a suspended sentence for a definite number of years, running from the date of the plea or verdict of guilty and shall expire in like manner as if sentence had been pronounced; provided however, the Court having jurisdiction may at any time during the period of suspension re-

voke the same and order execution of the full sentence."

A more recent Arkansas statute relating to suspension of sentences and conditions of probation, is Acts 1965, No. 438, now found as Ark.Stat.Ann. §§ 43–2331 to 43–2335 (Supp.1965).

2. Ark.Stat.Ann. § 43–2701. The Arkansas Supreme Court has noted that no direct appeal from the murder conviction was ever taken. Gross v. State, Ark., 412 S.W.2d 279, 281 (1967).

Counsel stated to Judge Harris that an appeal to the Arkansas Supreme Court "has been perfected and that appeal is presently pending". Apparently postconviction and habeas corpus challenges of the murder conviction are pending in state and federal courts. We relate counsel's remark to one of these.

tion which is the subject of this appeal. In this petition, with its accompanying copies of papers in the state proceeding, he appears to suggest (a) inadequacy of his representation by other appointed counsel in the state proceedings in that the attorney did not raise all the points which Gross asked him to raise; (b) bias on the part of the state judge; (c) that the revocation of the suspension was effected only to obtain maximum security for Conway County, something which could have been accomplished without the revocation; (d) that he was deprived of due process and the presumption of innocence because, among other things, the revocation preceded his murder conviction; (e) that at the time of the revocation the only things which had happened were his being accused and his arrest; and (f) that in other cases revocation has come about after, and not before, conviction of another crime.

Judge Harris, in ruling on the appellant's petition, observed that Gross was raising no question as to his plea of guilty in 1958. He held that suspension was an administrative prerogative of the sentencing state court; that revocation was also an administrative prerogative; that abuse of discretion in this area is a matter for review by the state Supreme Court; that a federal court is not required to go behind the administrative action of the state court and is concerned only with the convict's constitutional rights; and that there was no violation of Gross' constitutional rights here.

■ We affirm. We think the short and complete answer to the appellant's claims is that, whatever may have been the situation prior to his conviction on the murder charge in March 1964, now over three years ago, that judgment of conviction and the imposition of a life sentence nullify and render moot at the present time the claims he makes on this appeal. Gross' five year sentence has been overtaken and replaced by the life sentence imposed upon him. Thus, as of this time and on this record, any possible error in the revocation of the sus-

pension of the five year sentence is necessarily rendered nonprejudicial. His present petition directed only to the lesser five year sentence must therefore fail. McNally v. Hill, 293 U.S. 131, 137, 55 S.Ct. 24, 79 L.Ed. 238 (1934); Wilson v. Gray, 345 F.2d 282, 284 (9 Cir. 1965), cert. denied 382 U.S. 919, 86 S.Ct. 288, 15 L.Ed.2d 234; Glenn v. Ciccone, 370 F.2d 361, 362–363 (8 Cir. 1966).

We are not, however, to be understood as intimating that, apart from the fact of Gross' conviction for murder, he would be entitled on this record to the writ he seeks. There is another adequate and sufficient reason for the denial of that relief.

■■ The suspension of a sentence upon conditions is a matter of legislative and judicial grace. It is not a matter of right and by its grant a defendant obtains no vested right to its continuance. This court has specifically so held with respect to federal probation. Kirsch v. United States, 173 F.2d 652, 654 (8 Cir. 1949); Kaplan v. United States, 234 F. 2d 345, 348 (8 Cir. 1956). Mr. Chief Justice Hughes' classic comments in Burns v. United States, 287 U.S. 216, 220–223, 53 S.Ct. 154, 155, 77 L.Ed. 266 (1932), are pertinent here:

"Probation is thus conferred as a privilege, and cannot be demanded as a right. It is a matter of favor, not of contract. * * * There is no suggestion in the statute that the scope of the discretion conferred for the purpose of making the grant is narrowed in providing for its modification or revocation. The authority for the latter purpose immediately follows that given for the former, and is in terms equally broad. * * * The question in both cases is whether the court is satisfied that its action will subserve the ends of justice and the best interests of both the public and the defendant. * * * The question, then, in the case of the revocation of probation, * * * is simply whether there has been an abuse of discretion and is to be determined in accordance

with familiar principles governing the exercise of judicial discretion. That exercise implies conscientious judgment, not arbitrary action."

This court, in both *Kirsch* and *Kaplan,* supra, prescribed this abuse of discretion standard.

In appraising the federal constitutional aspects of a state court's action in revoking its suspension of a sentence, a similar abuse of discretion standard certainly will appropriately protect the convict. By this measure Gross has no complaint. It is true that the prosecutor's concern for his safe confinement pending resolution of the murder charge was expressed to the state judge. But we need not determine whether this alone would constitute, in the face of constitutional attack, a sufficient ground for revocation. There are other factors present here. Gross had been charged with murder in the first degree. His conduct resulting in that charge was before the state judge. He was given the opportunity at the hearing to explain his conduct and to present any exculpatory matter. He did not do so other than to challenge the time of the murder victim's death. Compare Gerard v. State, 235 Ark. 1015, 363 S.W.2d 916, 918–919 (1963).

We also need not determine whether a charge of another crime is, standing alone, sufficient ground for revocation of a sentence's suspension as against constitutional challenge. The appellant has cited to us four cases where state courts have intimated or held that under their particular statute, or under the specific conditions of the suspension, or under their measure of abuse of discretion, something more than the charge is required. These are State v. Guffey, 253 N.C. 43, 116 S.E.2d 148 (1960); Ex Parte Lawson, 76 Tex.Cr.R. 419, 175 S.W. 698 (1915); Flores v. State, 169 Tex.Cr.R. 2, 331 S.W.2d 217, 218 (1959); and Dixon v. State, 164 So.2d 509, 510 Ala.1964). We might add to this list the cases of Harris v. State, 169 Tex.Cr.R. 71, 331 S.W.2d 941, 942 (1960); Swanson v. State, 170 Tex.Cr.R. 441, 342 S.W.2d 112 (1961); and Wicker v. State, 378 S.W.2d

332 (Tex.Cr.App.1964). Here, as we have noted above, there is more than the mere charge.

■ Accordingly, we perceive no abuse of discretion of constitutional magnitude here. See Kirsch v. United States, supra, p. 654 of 173 F.2d, where this court specifically observed that it was not necessary, for revocation of federal probation, to show that the probationer had been convicted of another crime or to produce evidence proving his guilt thereof beyond a reasonable doubt. What was said in United States v. Markovich, 348 F.2d 238, 240 (2 Cir. 1965), is applicable here and answers all appellant's arguments:

"Second, appellant maintains on appeal that in order to establish his breach of probation it was necessary to prove he stole the mink coat, that he is presumed to be innocent of this crime, that before proceeding with the revocation of ` probation hearing the federal court was required to await disposition of the New Jersey criminal trial, and that as a result of declining to delay Judge Wyatt convicted him of having stolen the mink coat while appellant was deprived of the constitutional rights that would be his if his guilt were first to be determined at his trial for the substantive offense in the New Jersey courts.

"Probation may be revoked when the judge is satisfied that a state or federal law has been violated, and conviction is not a prerequisite * * *. Moreover, if a criminal prosecution has been started based upon probationer's conduct the probation court need not await conclusion of those proceedings."

We acknowledge, as did the Supreme Court of Arkansas, Gross v. State, supra, p. 78 of 403 S.W.2d, that we would be concerned about the absence of a transcript of the state court revocation proceeding. However, there is no dispute that a hearing was held; that Gross was represented by counsel at that hearing; and that the state judge's memorandum as to what transpired was correct.

We hold that Judge Harris' denial of the petition for a writ of habeas corpus was correct because of mootness and also because no federal constitutional right of the petitioner was shown to have been violated. If and when any appeal is taken from the District Court's eventual ruling on any pending habeas petition attacking the murder conviction itself, other issues perhaps may be presented for our determination. Those issues are not now before us.

Affirmed.