**Robert Lee HOLDER**

v.

**UNITED STATES of America.**

**Civ. No. 1115.**

United States District Court
E. D. Texas,
Texarkana Division.

June 3, 1968.

William Wayne Justice, U. S. Atty., Eastern District of Texas, Tyler, Tex., for the United States.

### MEMORANDUM OPINION AND ORDER

FISHER, Chief Judge.

The Petitioner, Robert Lee Holder, was given a five year suspended sentence and placed on active probation by the Honorable Judge Joe W. Sheehy on the 23rd day of December, 1963. A duly authorized Probation Violation Warrant was issued and the Petitioner was given a revocation of probation hearing on the 29th day of October, 1965. The Court revoked probation and required Petitioner to serve the five year sentence originally imposed.

Petitioner's Title 28 U.S.C. § 2255 Motion was denied by this Court and Petitioner has filed a motion for leave to appeal in forma pauperis.

The Petitioner contends that failure to provide Court appointed counsel at the revocation hearing violated his right to counsel as provided by the Sixth Amendment of the Constitution of the United States and Rule 44 of the Federal Rules of Criminal Procedure.

There is considerable authority in support of the proposition that an indigent is not entitled to Court appointed counsel as a matter of right at a revocation of probation hearing.

This Court is thoroughly in accord with the opinion in Brown v. Warden,

351 F.2d 564 (7th Cir. 1965), cert. denied 382 U.S. 1028, 86 S.Ct. 651, 15 L. Ed.2d 541, wherein that Court stated:

"Liberty on probation is conditional on the observance of certain conduct. A breach of the required conduct,—not necessarily the commission of a crime, —constitutes a violation and serves to terminate the privilege of conditional liberty. Although revocation results in the deprivation of the probationer's liberty, the sentence he may be required to serve is the punishment for the crime of which he had previously been found guilty. Thus, it appears that under the Federal Probation Act as construed by the Supreme Court, the source and nature of the offender's rights and the issue before the court on hearing of revocation of probation differs from those on imposition of sentence in a criminal prosecution. It follows that an offender who has already been adjudged guilty and sentence is not entitled to counsel as a matter of right under the Sixth Amendment of the Constitution of the United States or under Rule 44 of the Federal Rules of Criminal Procedure in the hearing on revocation wherein it is determined whether or not he has forfeited the privilege of conditional liberty. Welsh v. United States, 348 F.2d 885 (6th Cir. 1965); United States v. Huggins, 184 F.2d 866, 868 (7th Cir. 1950); Gillespie v. Hunter, 159 F.2d 410 (10th Cir. 1947); Bennett v. United States, 158 F.2d 412 (8th Cir. 1946). Decisions concerned with the constitutional right to counsel of an accused at various states of criminal prosecutions are not controlling. Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963); United States v. Tribote, 297 F.2d 598 (2nd Cir. 1961)."

■■ Probation can not be demanded as a matter of right, for it is no more than a privilege. The trial judge may give, deny, or revoke probation in accordance with principles governing the exercise of judicial discretion. Burns v. United States, 287 U.S. 216, 53 S.Ct. 154, 77 L.Ed. 266 (1932); Escoe v. Zerbst, 295 U.S. 490, 55 S.Ct. 818, 79 L.Ed. 1566 (1935). A revocation hearing is not a trial requiring an adversary proceeding. The right to counsel may not be built upon the privilege of probation. The sentencing process has ended; no substantial right of the defendant is in jeopardy. The Judge is within his province; he may take what he has given using sound judgment in exercising the discretionary powers inherent in our Judicial system.

■ The Petitioner's rights under the Federal Probation Act are derived from legislative mandate, and not from the Constitution of the United States. Brown v. Warden, supra. The Comptroller General's office in construing the Federal Probation and Criminal Justice Acts stated that:

"The proceedings to determine if a probation should be revoked and a sentence imposed is a hearing to determine whether an offender had forfeited the privilege of conditional liberty provided by this chapter and the proceedings are not an extension of the original criminal action entitling the offender to legal representation as a constitutional right; therefore, the Criminal Justice Act of 1964, Sec. 3006A of this title, providing for representation of defendants financially unable to obtain an adequate defense does not apply to a hearing for the purpose of revoking a probational privilege and the fact that an order revoking a probation is an appealable final judgment does not entitle the offender to counsel as a matter of right under U.S.C.A.Const. Amend. 6 or under Rule 44 of the Federal Rules of Criminal Procedure, the appeal relating back to the original judgment of conviction. Title 18, U.S.C.A. Sec. 3653; 45 Comp.Gen. 780 (1966).

The Petitioner contends that Mempa v. Rhay, 389 U.S. 128, 88 S.Ct. 254, 19 L. Ed.2d 336 (1967), is controlling. The *Mempa* case is clearly distinguishable. Mempa, an indigent, was not provided

counsel at a Washington State revocation of probation hearing. The Supreme Court held that he was entitled to counsel as a matter of right. The Court reasoned that the Petitioner was involved in a *Gideon* type criminal proceeding where substantial rights of the "criminal accused" could be affected. The Washington Statute provided for "deferred sentencing". Mempa was entitled under Washington law to withdraw his plea of guilty at anytime prior to sentencing. Thus, an attorney might have been beneficial at this deferred sentencing process. In contrast, the Petitioner under the Federal Probation Act had already been sentenced and could not have withdrawn his plea of guilty at the revocation hearing.

The second legal right Mempa may have lost without counsel was the right to appeal from a plea of guilty, which can only be taken in Washington after sentence is imposed following revocation of probation. Again this is not a right our Petitioner is entitled to in a Federal revocation hearing.

Finally, the Supreme Court, citing Townsend v. Burke, 334 U.S. 736, 68 S. Ct. 1252, 92 L.Ed. 1690 (1948), stated: " * * * *Burke*, supra, illustrates the critical nature of sentencing in a criminal case and might well be considered to support by itself a holding that the right to counsel applies at sentencing." This Court reiterates that the Washington Probation Act provides for sentencing at the revocation of probation hearing, whereas in the Federal Courts the sentencing process is complete at the trial level, and the revocation hearing is simply a judicial determination as to whether the privilege of conditional liberty should be forfeited.

The Motion to Revoke Probation was read to the Petitioner and he was given a chance to reply, but he stood silent not choosing to deny the charges or defend himself. After the Court revoked probation, Petitioner stated that he would like to make a motion for appeal. The Court instructed the Clerk to help petitioner prepare the notice of appeal. On the same day Petitioner signed an affidavit stating that he wished to withdraw his notice of appeal. It appears that Petitioner has received a fair revocation hearing and that he has failed to show that absence of Court appointed counsel resulted in the abuse or lack of judicial discretion. The presiding Judge did not act capriciously or arbitrarily in revoking Petitioner's conditional liberty.

 This Court holds that the Petitioner was not entitled to Court appointed counsel as a matter of right at a Federal Revocation of Probation hearing.

Further, the Court is of the opinion that all other points of error in the Petition are without merit and frivolous.

It is therefore ordered, adjudged and decreed by the Court that Petitioner's Motion for Leave to Appeal in Forma Pauperis be and the same is hereby denied.