Arthur W. JONES, Appellant,

v.

WARDEN, LOUISIANA STATE PENITENTIARY, Appellee.

No. 25869.

United States Court of Appeals
Fifth Circuit.

Oct. 25, 1968.

Arthur W. Jones, pro se.

Charles W. Richard, Asst. Dist. Atty., Frank T. Salter, Jr., Dist. Atty., Lake Charles, La., for appellee.

Before RIVES and DYER, Circuit Judges, and MEHRTENS, District Judge.

PER CURIAM:

Arthur W. Jones is now before this Court on a reluctantly granted[1] certificate of probable cause, 28 U.S.C.A. § 2253, and leave to appeal in forma pauperis, 28 U.S.C.A. § 1915(a). The district court had previously denied Jones' writ of habeas corpus, reasoning that "the fact of petitioner's guilt of issuing worthless checks is virtually unchallenged. The checks were not acquired by the exploitation of any illegality. They were made known by an independent source (were not tainted) and were admissible in evidence." See Ray v. United States, 5 Cir. 1967, 374 F.2d 638. Cf. Wong Sun v. United States, 1963, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed. 2d 441.

■■ While we do not believe that a prisoner is entitled to a certificate of probable cause as a matter of right, Jones v. Attorney General of the United States, 8 Cir. 1960, 278 F.2d 699, 701, the district court correctly resolved its doubts in favor of the petitioner since issuance is ordinarily a jurisdictional prerequisite for appeal, Gay v. Graham, 10 Cir. 1959,

1. In its order of February 1, 1968, the District Court for the Western District of Louisiana, Hunter, J., presiding, stated:
"[T]he issue on the instant application is 'whether there exists probable cause' for an appeal. Section 2253 of Title 28 does not define what is meant by 'probable cause.' As generally used, it requires something more than a frivolous assertion, (Ferrell v. O'Brien, 342 U.S. 839, 72 S.Ct. 64, 96 L.Ed. 634), but something less than the imperatives of 28 U.S.C.A. 1292. Some courts have said that it requires a 'substantial question worthy of consideration.' Whichever standard of probable cause may be proffered, we have grave doubt that there is any basis for the granting of the certificate. * * *
"The application for a certificate of probable cause will be granted because my interpretation of recent Supreme Court decisions is to the general effect that appeal from a district court is a constitutional right."

269 F.2d 482, 487, unless the appellate court itself, or a judge thereof, issues a certificate notwithstanding denial below. Dixon v. State of Florida, 5 Cir. 1968, 388 F.2d 424.

 On the other hand, after full review of the appellant's contentions, we agree with the district court that his claim that he was convicted through the use of illegally seized evidence lacks foundation in fact and is without merit. Habeas corpus was properly denied. Rowan v. State of Louisiana, 5 Cir. 1966, 356 F.2d 936; Norris v. Sanford, 5 Cir. 1945, 147 F.2d 943.

Affirmed.