**Richard Dee SPLAWN, Petitioner,**

v.

**C. J. FITZHARRIS, Respondent.**

**Civ. No. 68–1286.**

United States District Court
C. D. California.

March 12, 1969.

Richard Dee Splawn, in pro. per.

Thomas C. Lynch, Atty. Gen., William E. James, Asst. Atty. Gen., Philippe J. Monet, Deputy Atty. Gen., Los Angeles, Cal., for respondent.

### ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

HAUK, District Judge.

Petitioner is a California state prisoner who was convicted on April 4, 1966 on his plea of guilty to a violation of California Health & Safety Code § 11530 (possession of marijuana). Petitioner contends that he is entitled to release from custody on the grounds that:

1. The absence of counsel at his modification of probation hearing violated his constitutional right to counsel, thereby rendering his com-

mitment to county jail, his transfer to Ventura County General Hospital and the subsequent conviction for escape therefrom invalid;

2. He received cruel and unusual treatment in Ventura County General Hospital; and evidence of such treatment was used to convict him of escape from custody.

After reviewing the Petition for Writ of Habeas Corpus, the Response, and the arguments and authorities set forth by the parties, this Court is fully advised in the premises and thus orders that the Petition for Writ of Habeas Corpus be denied for the following reasons:

## I. PETITIONER WAS NOT ENTITLED TO COUNSEL AT THE MODIFICATION OF PROBATION HEARING.

Federal courts have long held that the constitutional right to be assisted by counsel in the defense of a criminal prosecution, granted by the Sixth Amendment, does not apply to a hearing on a motion to *revoke* probation. Welsh v. United States, 348 F.2d 885, 887 (6th Cir. 1965); Holder v. United States, 285 F.Supp. 380, 381 (E.D. Texas 1968).

 *A fortiori* the Sixth Amendment right to the assistance of counsel does not apply to a hearing on a motion to *modify* probation. Probation is a privilege and cannot be demanded as a right. The trial judge may give, deny, modify or revoke probation in accord with the principles governing the proper exercise of judicial discretion. Burns v. United States, 287 U.S. 216, 220, 53 S.Ct. 154, 77 L.Ed. 266 (1932). California courts appear to be in complete accord with our analysis of the federal rule. In Re Levi, 39 Cal.2d 41, 244 P.2d 403 (1952); see also In Re Griffin, 67 Cal. 2d 343, 349, 62 Cal.Rptr. 1, 431 P.2d 625 (1967).

There is no allegation of, and certainly no evidence of, abuse of discretion in the instant case, and thus it clearly appears that this contention of petitioner is without merit.

## II. THE ALLEGED CRUEL TREATMENT WILL NOT SUPPORT A PETITION FOR A WRIT OF HABEAS CORPUS.

 Petitioner's contention that he was cruelly treated in Ventura County General Hospital will not support the issuance of a writ of habeas corpus under the circumstances of the instant case. Petitioner was in Ventura County General Hospital in the custody of the Ventura County Sheriff during the month of February, 1967. Petitioner is no longer in the custody of said sheriff and has not been in Ventura County General Hospital for over two years. Petitioner has not established that he is "in custody in violation of the Constitution * * * of the United States." 28 U.S.C. § 2241(c) (3). The following language from Carafas v. La Vallee, 391 U.S. 234, 238, 88 S.Ct. 1556, 1560, 20 L.Ed.2d 554 (1968) clearly establishes this point:

"The federal habeas corpus statute requires that the applicant must be 'in custody' when the application for habeas corpus is filed. This is required not only by the repeated references in the statute, but also by the history of the great writ." See also, Peyton v. Rowe, 391 U.S. 54, 64, 88 S.Ct. 1549, 20 L.Ed.2d 426 (1968).

In the present case, petitioner filed his application on August 5, 1968, when he was no longer incarcerated at Ventura County General Hospital; therefore, the contention of cruel treatment in that hospital will not support the issuance of a writ of habeas corpus to vacate his current imprisonment in the California State Correctional Training Facility, Soledad, California.

 Moreover, the transcript of petitioner's trial shows that the trial court sustained an objection to the introduction of evidence intended to show the treatment of petitioner while in Ventura County General Hospital. This clearly shows that evidence of that treatment was not used to convict him; and thus,

it is apparent that this contention of petitioner is also without merit.

For the foregoing reasons, and it clearly appearing that an evidentiary hearing is not required, this Court finds that petitioner is not entitled to any relief.

Therefore, it is hereby ordered that the Petition for Writ of Habeas Corpus be, and the same is, denied.