Denny Dean SHAW

v.

C. Murray HENDERSON, Warden.

Misc. No. 1026.

United States District Court
E. D. Louisiana,
Baton Rouge Division.

Aug. 22, 1969.

Doris Falkenheiner, Baton Rouge, La., for petitioner.

Jack P. F. Gremillion, Atty.Gen. of Louisiana, Jack E. Yelverton, Asst.Atty. Gen., Baton Rouge, La., Woodrow W. Erwin, Dist.Atty., Twenty-Second Judicial Dist., Julian J. Rodrigue, Asst. Dist.Atty., Parish of St. Tammany, Covington, La., for respondent.

WEST, Chief Judge:

Denny Dean Shaw, an inmate of the Louisiana State Penitentiary, petitions this Court for the issuance of a writ of habeas corpus on eleven purported grounds. From the record and testi-

---

mony adduced at an evidentiary hearing held on June 11, 1969, the following pertinent facts appear. On September 24, 1965, petitioner was given a five year suspended sentence by the Twenty-Second Judicial District Court of St. Tammany Parish upon his plea of guilty to a charge of simple burglary. He was placed on supervised probation for five years, subject to nine general conditions, the violation of any of which exposed petitioner to revocation of the probation.

On November 27, 1967, Shaw was arrested in Orleans Parish on two counts of carrying a concealed weapon. Petitioner states that his right to bail was then violated because he contracted with a professional bondsman to make the $1,000 bail, but that the sheriff would not release him. The record reflects that bond was actually set at $2,500. If bond was originally set at $1,000 and subsequently raised to $2,500, such action was justified in light of petitioner's then apparent status of parole violator, liable to service of a five year sentence.

Petitioner retained counsel to represent him on the weapons charges for which he was tried and found guilty on February 8, 1968. Indeed, at the evidentiary hearing, he stated that he was sitting with two female companions at a table in a place where his wife worked, with a gun on the table and a knife in his pocket, when police came in looking for his companions. He says that the gun was his wife's and that he only tried to hide it from the police. The Court sentenced him to 60 and 90 days on the two counts, to run concurrently with credit for time served.

Petitioner discussed with his retained counsel the advisability of appealing the convictions. They decided to wait to see if any steps would be taken to revoke his probation in the Twenty-Second Judicial District Court. On February 23, 1968, petitioner's probation officer informed the sentencing court of the probation violation and asked that the probation be revoked. On March 5, 1968, the court did so.

The petitioner now claims that he was denied the effective assistance of counsel at his trial on the weapons charges. He also claims denial of the right to appeal the weapons convictions and denial of the right to assistance of counsel at the probation hearing.

Since petitioner retained his own attorney, he cannot now be heard to complain that the *state* denied him the right to the effective assistance of counsel. Cade v. Balkcom, 361 F.2d 212 (CA 5-1966); Opie v. Meacham, 293 F.Supp. 647 (D.C.Wyo.-1968). Similarly, it is abundantly clear from the record that he knowingly waived his right to appeal, upon the advice of his attorney, in a calculated trial tactic. Henry v. Mississippi, 379 U.S. 443, 85 S.Ct. 564, 13 L.Ed.2d 408 (1965). Under Louisiana law, the petitioner had fifteen days from February 8, 1968, within which to appeal. LSA–C.Cr.P. art. 914. He did not attempt to do so until *after* revocation of his probation on March 5, 1968. This Court need not speculate as to why he and his retained attorney felt it advisable not to appeal. However, an obvious reason was petitioner's guilt and the hope that by admitting his error he might demonstrate a positive attitude to the court at any subsequent probation hearing. The relevant factor is not that the tactic failed, but that petitioner knew of his right of appeal and waived it for tactical reasons.

As a practical matter, even if he had been denied the right to appeal the weapons conviction, it could not have affected the subsequent revocation of probation. One of the conditions of probation was that petitioner not "have in [his] possession firearms or other dangerous weapons * * *." Article 900 of the Louisiana Code of Criminal Procedure authorizes revocation of probation if the sentencing court decides "that the defendant has violated, or was about to violate, a condi-

tion of his probation * * *." There is no requirement that a probationer be convicted of a crime before probation can be revoked. Therefore, while holding that Shaw knowingly waived his right to appeal, the Court is of the opinion that, even if it had been denied, such denial would not have affected the legality of his present incarceration.

Petitioner's next contention is that he was denied the right to counsel at the probation hearing, relying upon Mempa v. Rhay, 389 U.S. 128, 88 S.Ct. 254, 19 L.Ed.2d 336 (1967). The issue in *Mempa* was "the extent of the right to counsel at the time of sentencing where the sentencing has been deferred subject to probation." The court noted that, since Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963), the "appointment of counsel for an indigent is required at every stage of a criminal proceeding where substantial rights of a criminal accused may be affected. In particular, Townsend v. Burke, 334 U.S. 736, 68 S.Ct. 1252, 92 L.Ed. 1690 (1948), illustrates the critical nature of sentencing in a criminal case and might well be considered to support by itself a holding that the right to counsel applies at sentencing."

 The inapplicability of *Mempa* is immediately apparent. The petitioner here was represented by counsel at sentencing and all other critical stages of the proceedings against him on the simple burglary charge. By the grace of the trial court, he was allowed, in effect, to serve that sentence on the street, provided he did not violate the conditions imposed upon that privilege. The hearing on the question of whether he breached those conditions was not another trial, but was merely an administrative proceeding designed to help supervise petitioner during the period of his punishment and hoped-for rehabilitation. Revocation of probation is the severest of four different discretionary sanctions which Louisiana courts may apply when they find that probationers are not responding proper-

ly to their conditional freedom. LSA–C.Cr.P. art. 900. A probationer cannot appeal the proper utilization by the state of any of those procedures. In this case, the state properly utilized the sanction of probation revocation.

A state defendant who was sentenced prior to being placed on probation has been held to have no constitutional right to the assistance of counsel at a subsequent revocation hearing. United States ex rel. Bishop v. Brierly, 288 F.Supp. 401 (E.D.Pa.-1968). The same result has obtained in cases arising out of similar probation revocation procedures in the federal courts. Holder v. United States, 285 F.Supp. 380 (E.D. Tex.-1968); Sammons v. United States, 285 F.Supp. 100 (S.D.Tex.-1968).

For these reasons petitioner's application for a writ of habeas corpus will be denied and judgment will be entered accordingly.