**Billy Frank GROSS, Petitioner,**

v.

**Robert SARVER, Commissioner of Corrections, State of Arkansas, Respondent.**

**No. PB 69 C-85.**

United States District Court
E. D. Arkansas,
Pine Bluff Division.

Jan. 2, 1970.

Fletcher Jackson, Little Rock, Ark., for petitioner.

Don Langston, Deputy Atty. Gen., Joe Purcell, Atty. Gen., Little Rock, Ark., for respondent.

## MEMORANDUM OPINION AND ORDER

OREN HARRIS, District Judge.

The petitioner, Billy Frank Gross, has filed a petition for writ of habeas corpus, pro se, in which he requests that he be allowed credit on his sentence he is presently serving in the Arkansas Intermediate Reformatory for time spent in jail prior to the imposition of sentence. Petitioner has had substantial record in the state and federal courts regarding the murder charge in which he was convicted for the second time in the state court resulting in his present sentence of twenty-one years on a conviction by a jury of second-degree murder—LR 69 C–148 (1969); Gross v. Bishop, 273 F.Supp. 992 (D.C.1967); 377 F.2d 492 (8 Cir. 1967); Gross v. State of Arkansas, 246 Ark. 887, 440 S.W.2d 543.

In view of the history of the matter and the contention of the petitioner asserting a constitutional question, the court appointed Mr. Fletcher Jackson, of the law firm of Howell, Price, Howell & Barron, Little Rock, Arkansas, as counsel for the petitioner in this proceeding.

The respondent is represented by the Attorney General of the State of Arkansas, Don Langston, Deputy Attorney General, and files a motion to dismiss.

The respondent contends that the petition fails to raise a substantial federal question; that the question of entitlement to credit for time served in jail prior to conviction is a question to be determined under state law; that under Arkansas law a person is not entitled to credit for time served in jail prior to a conviction.

The appointed counsel for the petitioner has filed a response to the motion to dismiss, contending that it is a substantial federal question under the Fifth and Fourteenth Amendments to the Constitution of the United States. In the memorandum filed in support of the response, the petitioner relies upon the recent decision of the Supreme Court of the United States, North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L. Ed.2d 656 (1969).

The only question for determination is whether or not the petitioner has raised a federal question in his claim of deprivation of constitutional rights of which this court has jurisdiction, or if it is a question to be determined under Arkansas law. If there is no federal question, the Court would be without jurisdiction.

The facts are not in dispute and counsel for the parties have submitted the matter for determination as a matter of law.

The petitioner was charged, tried and convicted for first-degree murder in state court. He was sentenced and confined in the Arkansas State Penitentiary serving some forty-four months during the time his conviction was on appeal to the Supreme Court of Arkansas. However, he was unable to perfect an appeal and this court in its order of August 18, 1969, supra, required the state court to give the petitioner a new trial on the basis of a constitutional question determined by the court. As a result of the petitioner's second trial to a jury, he was convicted and sentenced to twenty-one years for second-degree murder.

It is admitted that the petitioner served a total period of ten months in jail while waiting for trial on his first and second convictions.

When sentenced on his second conviction the court gave the petitioner credit for the forty-four months he had previously served on the first conviction. The court failed to give him credit for the ten months the petitioner had served in jail while waiting for trial.

This identical question as to the constitutional rights of the petitioner was recently decided by the United States District Court, Northern District of Oklahoma, Newell v. Page, 280 F.Supp. 203, 204. The court states:

"In effect, the Petitioner asked that he be allowed credit on the sentence he is presently serving for time spent in jail prior to imposition of the sentence. Whether or not such credit is to be allowed is a matter of state law. Johnson v. Beto, 383 F.2d 197 (Fifth Cir. 1967); Gurczynski v. Yeager, 339 F.2d 884 (Third Cir. 1964); Burns v. Crouse, 339 F.2d 883 (Tenth Cir. 1964), cert. den. 380 U.S. 925, 85 S.Ct. 930, 13 L.Ed.2d 811." [1]

Since this question is a matter of state law, it should be determined by the state court. The Attorney General candidly admits that a criminal proceeding under Rule 1 of the Arkansas Supreme Court would be futile. It appears to the court that the petitioner is entitled to a decision on his contention.

The Supreme Court of Arkansas passed on this question as recently as March 24, 1969, in Kimbel v. State, 246 Ark. 400, 438 S.W.2d 705. There the petitioner, Kimbel, served in jail 125 days before the first trial. After the first conviction was set aside, he was returned from the penitentiary, and placed in the county jail until making bond twenty-six days later. He also served substantial time in the penitentiary between the time of the first conviction and the order setting it aside.

As here, the petitioner argued that he should be given credit on the present sentence for the amount of time served in jail prior to each conviction. The court stated:

"As to the days served in jail, we do not agree, for we have no statute permitting this to be done. It is not shown why appellant did not make bond before the first trial; certainly, the alleged offense was bailable, and, as mentioned, bond was made subsequent to the prisoner's being returned to the jail after the judgment was vacated. As to the time served in the penitentiary, we think appellant is due to have deducted the number of days served after the first conviction. Ark. Stat.Ann. §§ 43–2726 through 43–2728 (Repl.1964) deals with the confinement of a prisoner in the penitentiary where an appeal is taken, and the judgment reversed by the Supreme Court. The first two sections set out that upon a reversal, if a new trial is ordered, the defendant shall be removed from the penitentiary back to the county jail. Ark.Stat.Ann. § 43–2728 provides that, if a defendant, upon a new trial, 'is again convicted, the period of his former confinement in the penitentiary shall be deducted by the court from the period of confinement fixed in the last verdict of conviction.'" Kimbel v. State, supra.

The court further decided the question there, as is presented here, whereby the trial court sets aside the first conviction. The state court held the argument that the statute did not apply was technically correct. However, it further established the rule that the General Assembly did not intend a distinction between convictions reversed by the Supreme Court, and convictions vacated by the Circuit Court. The Court at this point stated:

"Rather, the only logical conclusion is that the General Assembly intended for a convicted person who obtained

---

1. The case relied upon by the petitioner decided by the Supreme Court of the United States on June 23, 1969, State of North Carolina et al. v. Clifton A. Pearce, does not reach the question involved here. The question there was whether or not a "harsher" sentence could be imposed after conviction upon retrial.

a new trial, and was again convicted, to receive credit for the amount of time already served for the same offense." Kimbel v. State, supra.

Accordingly, the petitioner's petition for a writ of habeas corpus should be dismissed.

It is, therefore, considered, ordered and adjudged that the petition of the petitioner, Billy Frank Gross, be and the same is hereby dismissed.