Hector Salvidar **AMAYA**, Petitioner-
Appellant,

v.

Dr. George J. **BETO**, Director, Texas De-
partment of Corrections, Respondent-
Appellee.

No. 28634

Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

March 30, 1970.

Robert H. Hoy, Jr., El Paso, Tex.,
for appellant.

Crawford C. Martin, Atty. Gen., State
of Tex., Allo B. Crow, Asst. Atty. Gen.,
Austin, Tex., W. Barton Boling, Dist.
Atty., Jamie C. Boyd, Dist. Atty., El
Paso, Tex., Nola White, First Asst. Atty.
Gen., Pat Bailey, Executive Asst. Atty.
Gen., Robert C. Flowers, Asst. Atty.
Gen., Austin, Tex., for appellee.

Before THORNBERRY, CLARK and
INGRAHAM, Circuit Judges.

PER CURIAM:

Hector Salvidar Amaya appeals
from the denial of his application for
the writ of habeas corpus. Judge Suttle
denied the writ in an unreported opin-
ion constituting findings of fact and
conclusions of law pursuant to Fed.R.
Civ.P. 52(a). We find the district
judge's decision exhaustive of the issues,
and his findings and conclusions clearly
correct. We therefore affirm,[1] and ap-
pend his opinion hereto.

It is appropriate to point out that the
relative lengthiness of Judge Suttle's
opinion is not indicative of a hassle with
complex issues. It only reflects the dis-
trict court's commendable thoroughness

1. Pursuant to Rule 18 of the Rules of this
Court, we have concluded on the merits
that this case is of such character as not
to justify oral argument and have directed
the clerk to place the case on the Sum-
mary Calendar and to notify the parties

in writing. See Huth v. Southern Pacific
Company, 5 Cir. 1969, 417 F.2d 526,
Part I; and Murphy v. Houma Well
Service, 5 Cir. 1969, 409 F.2d 804, Part
I.

in according the appellant the full benefit of the independent federal fact-finding procedure, within the true spirit of Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963); Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963); and 28 U.S.C. § 2254 (as amended, 1966), 28 U.S.C.A. § 2254 (Supp.1967).

The district judge held two hearings, the transcripts of which total 109 pages. The appellant, represented by appointed counsel, was permitted broad latitude to prove his allegations, and testified on his own behalf at both hearings. The court held the following contentions to be without merit; and to his conclusions we add a few observations:

(1) The appellant maintains that the state courts were required to find him guilty of the burglary he allegedly committed while on probation before it could revoke his probation.

 The district court noted that conviction of an offense is neither a Texas nor a constitutional prerequisite to revocation. We emphasize that that principle, as enunciated in Seymore v. Beto, 383 F.2d 384 (5th Cir. 1967), is still viable, and is applicable even though the charge upon which the revocation was based was subsequently dismissed, as was the case in Seymore. The appellant's guilt of the offense charged need not be proved beyond a reasonable doubt before probation may properly be revoked, United States v. Nagelberg, 413 F.2d 708, 709 (2nd Cir. 1969), because "a revocation proceeding is not the trial of a criminal case." United States v. Sutton, 421 F.2d 1394 (5th Cir., Feb. 2, 1970); Broadus v. United States, 317 F.2d 212 (5th Cir.), cert. denied, 375 U.S. 829, 84 S.Ct. 74, 11 L.Ed.2d 61 (1963). Revocation is a matter within the discretion of the trial court, and in both the federal and Texas courts, the trial judge's determination will not be disturbed unless there was a clear abuse of discretion. United States v. Knight, 413 F.2d 445 (5th Cir. 1969); Seymore v. Beto, supra. The credibility of the probationer's testimony at the revocation hearing is a proper element for the trial judge to consider. United States v. Nagelberg, supra. Viewing solely the credibility of the appellant's testimony at his revocation hearing, we agree with the district court's conclusion that an abuse of discretion was not shown. The trial judge could properly disbelieve the appellant's assertion that he did not commit the crime—it is extremely doubtful that one would enter a closed bakery shop between 1:00 and 2:00 a. m. to purchase baked goods.

Since we hold that the appellant was not entitled to a trial on the burglary charge before his probation could be revoked, his further contention that he was denied the appointment of counsel to represent him at that "trial" is utterly without merit.

(2) The appellant's only other substantive allegation is that his attorney failed to appeal the order revoking his probation.

The district court treated this allegation in the same manner as an allegation of the denial of the right to appeal from an original conviction is normally treated. In this particularly favorable light to the appellant, the court concluded that the contention was without merit, and we agree.

 We would add, however, first, that our reading of the transcripts of the hearings in the district court clearly shows that appellant's counsel was retained. The ambiguity pointed out in footnote 7, page [3], of Judge Suttle's opinion should not be interpreted to mean that the standards of Beto v. Martin, 396 F.2d 432, 434 (5th Cir. 1968) do not apply to this case. See district court opinion at [6]. The effectiveness of counsel's representation of the appellant need not, therefore, "pass muster under constitutional standards relating to indigents." Goforth v. Dutton, 409 F.2d 651, 653 (5th Cir. 1969). But even if it did, the record supports the district court's conclusion that the appellant was not denied ef-

fective assistance of counsel, tested under the standards set forth in Brooks v. Texas, 381 F.2d 619 (5th Cir. 1967).

Secondly, it is questionable whether the appellant has standing to challenge the effectiveness of his attorney's assistance at the revocation proceeding, because it is unclear whether a probationer has the right to counsel at that type of proceeding at all. In Mempa v. Rhay, 389 U.S. 128, 88 S.Ct. 254, 19 L.Ed.2d 336 (1967), the Supreme Court held that one has the right to counsel at such a proceeding, but apparently only if a substantial right might be affected. In *Mempa*, the sentence was deferred and was not imposed until the revocation proceeding. In this case, the appellant was sentenced prior to being placed on probation. The only effect of the revocation proceeding was to order the commencement of the earlier-designated sentence. In cases similar to this one, several courts have construed *Mempa* narrowly and have concluded that there is no right to counsel. Shaw v. Henderson, 303 F.Supp. 183 (E.D.La.1969); Splawn v. Fitzharris, 297 F.Supp. 44 (C.D.Cal.1969); United States ex rel. Bishop v. Brierly, 288 F.Supp. 401 (E.D. Pa.1968); Holder v. United States, 285 F.Supp. 380 (E.D.Tex.1968); Sammons v. United States, 285 F.Supp. 100 (S.D.Tex.1968); United States v. Hartsell, 277 F.Supp. 993 (E.D.Tenn. 1967); see also, Williams v. Patterson, 389 F.2d 374 (10th Cir. 1968).

But on similar facts also distinguishable from *Mempa*, the Fourth and Sixth Circuits have held that the right to counsel at a revocation hearing is absolute. Hewett v. State, 415 F.2d 1316 (1969); Ashworth v. United States, 391 F.2d 245 (6th Cir. 1968).

Our court has not considered this question, and we need not reach it here— the appellant in this case was represented by counsel, and his counsel's assist-

ance was effective, even tested under the standards relating to criminal defendants. We noted the foregoing only to indicate that since constitutional standards pertaining to revocation proceedings are, to date, less stringent in some areas, see part (1) supra, they may also be less stringent in this particular right-to-counsel area.

Having concluded that the district court properly denied the appellant's petition for the writ of habeas corpus, we
Affirm.

## APPENDIX

### UNITED STATES DISTRICT COURT WESTERN DISTRICT OF TEXAS EL PASO DIVISION

HECTOR SALDIVAR AMAYA
versus CIV–68–28–EP

DR. GEORGE J. BETO, Director, Texas Department of Corrections

### ORDER AND MEMORANDUM OF DECISION DENYING PETITION FOR HABEAS CORPUS

The prior proceedings in this habeas corpus case are evident from the orders heretofore entered by the Court, copies of which are attached hereto. Having considered these proceedings, the files and records of the case, the testimony and evidence adduced at the hearings, and the written and oral comments of counsel, the Court finds and rules as follows:

Petitioner is in the custody of the State of Texas, or, more immediately, respondent. In 1960 petitioner was convicted on his plea of guilty in the 34th Judicial District Court of El Paso County, Texas, of possession of Marihuana.[1] On April 12, 1960, sentence was imposed at imprisonment for not less than two nor more than eight years. Execution of the sentence was suspended, however, and petitioner was placed on adult pro-

---

1. State v. Amaya, No. 18,076, 34th Jud. Dist., April 12, 1960. Petitioner was represented in this proceeding by Mr. George Rodriguez, now Judge, County Court at Law No. 1, El Paso County, Texas.

bation for the maximum period of the sentence imposed.[2]

In July, 1960, petitioner was arrested for auto theft. He pled not guilty, was indicted, but never tried, the case being apparently dismissed when another person was convicted of the crime. Petitioner claims that during these proceedings the State judge told him that if he pled not guilty and was acquitted by the jury, the State could not revoke his probation. No motion to revoke was filed at that time.

On February 20, 1961, petitioner was arrested by federal authorities and was indicted for entering the United States without having registered as a prior narcotics offender.[3] On March 17, 1961, he pled guilty, and on April 5, 1961 sentence was imposed at two years imprisonment.[4] Again, execution of the sentence was suspended, and petitioner was placed on federal probation. No action was taken by the State authorities as a result of this conviction, and petitioner remained on State probation as well. On August 7, 1962, however, the United States Probation Officer moved the Court to issue a warrant and revoke petitioner's federal probation. After a hearing on September 26, 1962, petitioner's federal probation was revoked, and he was required to serve the two year sentence previously imposed. Still no action was taken by the State authorities with regard to its 1960 probation order.

In December, 1964, after serving the above sentence, petitioner was arrested by federal authorities in Albuquerque, New Mexico, and charged with new violations of the federal narcotics laws.[5] He was released on bond on December 23, 1964, and returned to El Paso.[6] Again, no action was taken by the State on his probation.

On January 15, 1965, petitioner was arrested by State authorities in El Paso, Texas, when he was found in a Bakery Shop between 1:00 and 2:00 a. m. He was charged with burglary and incarcerated in the El Paso County Jail. Petitioner claimed he was there to buy some baked goods, and demanded a trial. On April 9, 1965, a motion to revoke his 1960 probation was filed, and a hearing set, with notice to petitioner. After two postponements, a hearing was had on May 7, 1965. Petitioner was represented by Joe Rey, Jr., whom he had employed.[7] The Court found that petitioner "did unlawfully break and enter a house occupied and controlled by Enrique Acosta with the intent to fraudulently take personal property belonging to Enrique Acosta without the consent of said Enrique Acosta," and had hence violated his probation, and ordered that probation be revoked and petitioner serve "an indeterminate term of 2 to 8 years in the State penitentiary, to be dated from January 15, 1965." [8] Petitioner is presently serving that sentence.

The protracted nature of the proceedings in this habeas corpus case is largely a result of petitioner's insistence that the many Courts which have ruled on

2. See Tex.Code Crim.P.Ann. art. 781d (1957). This method is no longer available under Tex.Code Crim.P.Ann. art. 42.12 (1965), which allows suspension of *imposition* of sentence only.

3. 18 U.S.C. § 1407.

4. United States v. Amaya, No. 65252 Cr., W.D.Tex., April 5, 1961. Again, petitioner was represented by counsel.

5. Specifically, 21 U.S.C. § 174 and 26 U.S.C. § 4705(a).

6. Petitioner was represented in this case by Mr. E. Marcus, of Albuquerque, N. M. He was finally tried and convicted in 1966, represented by Mr. Juan G. Bur-

ciaga, also on Albuquerque. This conviction was affirmed in Amaya v. United States, 373 F.2d 197 (10th Cir. 1967). Petitioner's subsequent motion under 28 U.S.C. § 2255 was denied and is now on appeal.

7. There is some dispute as to whether Mr. Rey was "employed" or whether he volunteered his services as a friend. This order refers to Mr. Rey as "employed" or "retained" to indicate that he was not appointed by the Court. He represented petitioner by agreement between them, regardless of the details thereof.

8. Order Revoking Adult Probation, May 7, 1965.

the legality of his confinement have all misunderstood his contentions. With this in mind, the Court had reexamined all of the facts herein, together with all of the allegations and contentions in the petition, and finds nothing amounting to a denial of constitutional rights.

The main confusion seems. to stem from the advice petitioner claims he received in 1960, to the effect that 'the State could not revoke his probation unless it indicted and convicted him of another offense. This advice, if given, is incorrect. Conviction is neither a statutory prerequisite in Texas [9] nor a federal constitutional prerequisite.[10] There was thus no requirement that the State indict and try petitioner for the burglary charge before, or indeed after, revocation of his probation.

What happened or did not happen with regard to the burglary charge for which petitioner was arrested is thus irrelevant. The legality of petitioner's incarceration, the sole issue here, is entirely dependent upon the validity of the revocation proceedings held in 1965, and the resulting order of confinement. The revocation was free from federal constitutional infirmity. The Court finds that petitioner received notice of the alleged violation. This notice charged a specific violation of a specific condition of his probation. Petitioner had notice of the latter at the time it was imposed. Petitioner was afforded a hearing on the revocation issue, at which he was effectively represented by counsel of his own choosing. At the hearing, the State presented evidence tending to show the violation as alleged. Petitioner was afforded the right to confrontation and vigorously cross-examined each State witness through his attorney. He took the stand himself in an attempt to explain his actions. The State Court, having heard and considered all of the evidence, and resolving credibility issues, found as a fact that petitioner had violated one of the conditions of probation, and entered an order to that effect. There was more than enough evidence presented at the hearing, as outlined by the petitioner's own testimony in this case, to support the State Court's finding. There was no abuse of discretion.

The proceedings as found and outlined above more than satisfied the statutory requirements as they existed at that time [11] and as they exist now.[12] They provided every federal constitutional safeguard which was then required,[13] has since been required,[14] or which might be required in the near future without legislative reform.[15]

9. See Swanson v. State, 170 Tex.Cr.R. 441, 342 S.W.2d 112 (1961); Stratmon v. State, 169 Tex.Cr.R. 188, 333 S.W.2d 135 (1960). Compare Tex.Code Crim.P.Ann. art. 781d (1957) with Tex.Code Crim.P. Ann. arts. 776a, 777 § 2 (1925).

10. See Seymore v. Beto, 383 F.2d 384 (5th Cir. 1967); Gross v. Bishop, 377 F. 2d 492 (8th Cir. 1967); United States v. Markovich, 348 F.2d 238, 240 (2d Cir. 1965).

11. See Tex.Code Crim.P.Ann. art. 781d (1957); 16 Texas Jur.2d Crim.Law §§ 451–457 (1960); Taylor, Probation and the Suspended Sentence in Texas, 34 Texas L.Rev. 104 (1955).

The delay between arrest and revocation was indeed unfortunate, but in no way prejudiced petitioner. King v. State, 169 Tex.Cr.R. 619, 336 S.W.2d 941 (1960); Miller v. State, 168 Tex.Cr.R. 570, 330 S.W.2d 466 (1959). He received credit for the time he spent in jail. See note 8, supra, and accompanying text.

12. See Tex.Code Crim.P.Ann. art. 42.12 (1965), 16 Texas Jur.2d Criminal Law §§ 451–457 (Supp.1968); Morrison, Interpretive Commentary, 5 Texas Code Crim.P.Ann. 282 (1965); Onion, Special Commentary, 5 Tex.Code Crim.P. Ann. 283 (1965); Note, 45 Texas L.Rev. 585, 588 (1967).

13. See 36 Law Week 3153 et seq. (October 17, 1967); Amaya v. Beto, C.A.No.67–H–850, S.D.Tex., Nov. 7, 1967 (unpublished opinion made a part of this record).

14. See Mempa v. Rhay, 389 U.S. 128, 88 S.Ct. 254, 19 L.Ed.2d 336 (1967).

15. See Cohen, Sentencing, Probation, and the Rehabilitative Ideal: The View From Mempa v. Rhay, 47 Tex.L.Rev. 1, 25–42 (1968).

The only remaining contention of petitioner not covered above is his claim that he wished to appeal, told his attorney he wanted to appeal the revocation, but was denied this right by inaction of both his attorney and the State Court. The State Court, in one of the several habeas corpus proceedings regarding this petitioner, found, on the basis of the evidence before it, including an affidavit from Joe Rey, Jr., that "Applicant knew of his right to appeal the revocation of probation order in Cause No. 18,076, but he did not request his hired attorney to appeal such revocation order."[16] This Court has reexamined the evidence before the State Court, as well as the testimony in this case, including the testimony of Mr. Rey heard over petitioner's objection,[17] and concludes that the above finding is not only supported by sufficient evidence,[18] but is clearly correct.

Petitioner contends that "He was never informed by the *Court* that he could appeal the revocation order, nor that he could have the court appoint him counsel for appeal, nor was he ever asked if he wished to appeal."[19] It is the established rule in this circuit that where the defendant is represented by retained counsel there are two prerequisites in showing denial of counsel for purposes of appeal:

"First, it must be known to the court that the criminal defendant is indigent. Second, it must be known to the court that the defendant wishes to appeal."[20]

Here there is neither showing.[21] Furthermore, petitioner's counsel had no reason to believe petitioner was indigent,[22] and every reason to believe that petitioner was satisfied with the way things were proceeding, and that there was nothing to gain by an appeal.[23] Moreover, the Court finds that an appeal of petitioner's probation revocation would have been fruitless. In Texas, revocation of probation is within the trial judge's discretion, and, in the absence of a clear showing of abuse of discretion, his order will not be disturbed.[24] No abuse of that

---

16. Ex parte Amaya, No. 21,577, 34th Jud. Dist., Feb. 15, 1968. The record of this and other proceedings in the court of conviction are among the papers of this case.

17. This testimony is received and considered by the Court under Laughner v. United States, 373 F.2d 326 (5th Cir. 1967). See Respondent's Motion to Reopen Testimony, filed herein Jan. 13, 1969.

18. See 28 U.S.C. § 2254(d) (8).

19. Petition for Writ of Habeas Corpus, "Statement of Facts" p. 4 (Emphasis added.)

20. Beto v. Martin, 396 F.2d 432, 434 (5th Cir. 1968); compare Goforth v. Dutton, 409 F.2d 651 (5th Cir. 1969) [March 27, 1969]; Byrd v. Smith, 407 F.2d 363 (5th Cir. 1969).

21. Petitioner alleged that he sent a letter to the trial judge, but it was returned. This Court had all of petitioner's papers brought to El Paso from the prison. No such letter could be found. The State judge involved did not testify.

22. Mr. Rey had received $25.00 dollars from petitioner or his family and expected more. Petitioner was represented by retained counsel in Albuquerque in the case pending there.

23. Compare Atilus v. United States, 406 F.2d 694 (5th Cir. 1969). As a result of the revocation, it was hoped by petitioner and his counsel that the burglary charges would be dropped and that the Federal charges pending in Albuquerque would "die on the vine."
 Petitioner claims he wrote letters to Rey asking him to appeal, keeping copies for reference. None of these could be found. Rey found one letter in which petitioner asked him to get a parole. Mr. Rey agreed to help in any way he could.

24. Hoskins v. State, 425 S.W.2d 825 (Tex. Cr.App.1967); Torres v. State, 403 S.W. 2d 135 (Tex.Cr.App.1966); Soliz v. State, 171 Tex.Cr.R. 376, 350 S.W.2d 566 (1961); Stratmon v. State, *supra*, note 9.

discretion has been shown in the instant case.[25]

In short, the Court, having considered the proceedings, files and records of this case, as well as the proceedings, files and records of cases filed in and determined by other courts, finds that the prior determinations are correct, and petitioner is currently in the custody of respondent consistent with the Constitution, laws and treaties of the United States. Unfortunately for petitioner, persistence is not a substitute for meritorious claims, and only the latter will justify relief under Federal Habeas Corpus law. No such claims are presented here. Petitioner is not entitled to the relief requested, and the ends of justice have been more than served.[26] The petition must therefore be, and the same is hereby, in all things, denied, and it is so ordered.

While the Court believes an appeal of this order would be without merit, it can anticipate an allegation by petitioner that his contentions have again been misunderstood, their again having failed to bear fruit, and the Court cannot, resolving all doubts in favor of the petitioner, certify that such an appeal would not be in good faith.[27] The Court therefore issues this its certificate of probable cause, and directs the Clerk of this Court to file any forthcoming Notice of Appeal, this petitioner being eligible to proceed in forma pauperis.[28] Time for perfecting appeal, if any, shall run from the date of this, a final order and memorandum of decision entered in lieu of findings of fact and conclusions of law.[29]

Entered this 26th day of May, 1969.

/s/ D. W. SUTTLE
United States District Judge

---

25. Since the State has the burden of proving violation of probation at the trial level; Zane v. State, 420 S.W.2d 953 (Tex.Cr.App.1967) ; the reviewing court is bound to review the matter in light most favorable to the State; Bowers v. State, 414 S.W.2d 929 (Tex.Cr.App. 1967). So viewing the evidence, there can be no doubt that there was no abuse of discretion in this case. See Seymore v. Beto, *supra* note 10; *cf.,*

Broadus v. United States, 317 F.2d 212 (5th Cir. 1963).

26. See 28 U.S.C. §§ 2243, 2244, and 2254(d).

27. See Jones v. Warden, La.St.Pen., 402 F.2d 776 (5th Cir. 1968).

28. Rule 24(a), F.R.App.P.

29. See Rule 52(a), F.R.Civ.P.