**Denny Dean SHAW, Petitioner-Appellant,**

v.

**C. Murray HENDERSON, Warden, Louisiana State Penitentiary, Respondent-Appellee.**

**No. 28652.**

United States Court of Appeals,
Fifth Circuit.

July 2, 1970.

[SEAL]

/S/
———————————————
Chairman of the Board of
Directors

No. 19776–9 Attest:
/S/
———————————————
Secretary"

Doris Falkenheiner, Baton Rouge, La., for petitioner-appellant.

Jack P. F. Gremillion, Atty. Gen., State of La., Jack E. Yelverton, Asst. Atty. Gen., Woodrow W. Erwin, Dist. Atty., Baton Rouge, La., for respondent-appellee.

Before JOHN R. BROWN, Chief Judge, and GEWIN and THORNBERRY, Circuit Judges.

GEWIN, Circuit Judge:

The primary question raised on this appeal is whether Denny Dean Shaw was unconstitutionally denied the right to counsel in his Louisiana revocation of probation hearing. Shaw's sole contention is that the Supreme Court's decision in Mempa v. Rhay[1] extends the Sixth Amendment right to such hearings. We are in agreement with the vast majority of courts which have interpreted *Mempa* as not extending this right to probation revocation hearings unless sentencing occurs during the proceeding.[2]

■ In 1965 Shaw was convicted in a Louisiana state court of burglary and given a five year sentence. The sentence was suspended and Shaw was placed on supervised probation for five years. One condition of probation was that he not have in his possession firearms or other dangerous weapons unless granted written permission by his probation officer. No such permission was ever requested or given. In 1968 he was convicted on two counts of carrying a concealed weapon.[3] Shaw's probation was subsequently revoked for violation of the above-mentioned condition of probation. At the revocation hearing he was not represented by counsel and was not offered court-appointed counsel. This appeal is from a denial of his petition for a writ of habeas corpus in the district court.[4] We affirm.

Mr. Justice Marshal, writing for a unanimous Court in *Mempa*, stated what appears to be the controlling principle in this area of the law:

> There was no occasion in *Gideon* to enumerate the various stages in a criminal proceeding at which counsel was required, but *Townsend, Moore,* and *Hamilton,* when the *Betts* requirement of special circumstances is stripped away by *Gideon,* clearly stand for the proposition that appointment of counsel for an indigent is required at every stage of a criminal proceed-

1. 389 U.S. 128, 88 S.Ct. 254, 19 L.Ed.2d 336 (1967).

2. United States ex rel. Bishop v. Brierly, 288 F.Supp. 401 (E.D.Pa.1968); Sammons v. United States, 285 F.Supp. 100 (S.D.Tex.1968); Holder v. United States, 285 F.Supp. 380 (E.D.Tex.1968); United States v. Hartsell, 277 F.Supp. 993 (E.D.Tenn.1967). *Contra,* Hewett v. North Carolina, 415 F.2d 1316 (4th Cir. 1969).

3. Shaw contends that his privately-retained counsel in his trial for carrying concealed weapons committed a breach of duty faithfully to represent his client's interests. Assuming that this is true, it has no bearing on the instant revocation of probation proceeding. Probation was revoked because the court found that a condition of probation was violated, not because Shaw was *convicted* of carrying concealed weapons. A conviction is not a Louisiana or a constitutional prerequisite to revocation.

4. Shaw v. Henderson, 303 F.Supp. 183 (E.D.La.1969).

ing where substantial rights of a criminal accused may be affected.[5]

Lower federal courts have long held that the Sixth Amendment right to counsel does not apply to a hearing on a motion to revoke probation.[6] We do not believe that the Court in *Mempa* meant to undermine, sub silentio, this impressive array of authority.

*Mempa* involves a rather unusual revocation of probation hearing under the law of the State of Washington which becomes a deferred sentencing proceeding if the court determines that probation should be terminated. Substantial rights are clearly involved at the sentencing stage of a criminal trial, and federal courts have recognized that the right to counsel is plainly applicable at that juncture.[7] The Court noted in *Mempa* that its decision in Townsend v. Burke[8] indicates the critical nature of the sentencing stage and might well be considered by itself to support a holding that the right to counsel applies whenever the sentence is imposed.[9]

■ In *Mempa* the court mentioned two important rights usually involved at the time sentence is imposed, which might be affected in the Washington proceeding. Washington law provides that an appeal in a case involving a plea of guilty followed by probation can be taken only after sentence is imposed following revocation of probation. In addition, Washington statutes provide that a plea of guilty can be withdrawn at any time prior to the imposition of sentence. The Court concluded its analysis of the Washington procedure by stating:

> In sum, we do not question the authority of the State of Washington to provide for a deferred sentencing procedure coupled with its probation provisions. Indeed, it appears to be an enlightened step forward. All we decide here is that a lawyer must be afforded at this proceeding whether it be labeled a revocation of probation or a deferred sentencing.[10]

We read *Mempa* as (a) firmly establishing the principle that appointment of counsel is required at every stage of a criminal proceeding where substantial rights of a criminal accused may be affected, and (b) reaffirming the notion that sentencing is such a stage.

■ We hold the opinion that the right to counsel did not apply to the Louisiana probation revocation hearing here under scrutiny because Shaw was not sentenced at the hearing and no other substantial rights were affected or could have been affected at the hearing. Shaw's only argument in this regard is that a substantial right—his liberty—was at stake in a criminal proceeding. There are two acceptable answers to this contention. First, the revocation of probation hearing is not a "criminal proceeding."[11] Second, Shaw's "right to liberty" was taken from him during his trial for burglary in 1965. He received

---

5. 389 U.S. 128, 134, 88 S.Ct. 254, 256 (1967).

6. Welsh v. United States, 348 F.2d 885 (6th Cir. 1965); United States v. Huggins, 184 F.2d 866 (7th Cir. 1950); Gillespie v. Hunter, 159 F.2d 410 (10th Cir. 1947); Bennett v. United States, 158 F.2d 412 (8th Cir. 1947), cert. denied, 331 U.S. 822, 67 S.Ct. 1302, 91 L.Ed. 1838 (1947). It has also been held that *Mempa* does not extend right to counsel to parole revocation hearings. Williams v. Patterson, 389 F.2d 374 (10th Cir. 1968).

7. Nunley v. United States, 283 F.2d 651 (10th Cir. 1960); McKinney v. United States, 93 U.S.App.D.C. 222, 208 F.2d 844 (1953); Martin v. United States, 182 F.2d 225 (5th Cir. 1950).

8. 334 U.S. 736, 68 S.Ct. 1252, 92 L.Ed. 1690 (1948).

9. Mempa v. Rhay, 389 U.S. 128, 134, 88 S.Ct. 254 (1967).

10. *Id.* at 137, 88 S.Ct. at 258.

11. United States v. Sutton, 421 F.2d 1394 (5th Cir. 1970); Manning v. United States, 161 F.2d 827 (5th Cir. 1947), cert. denied, 332 U.S. 792, 68 S.Ct. 102, 92 L.Ed. 374 (1947). *See* Broadus v. United States, 317 F.2d 212 (5th Cir. 1963), cert. denied 375 U.S. 829, 84 S.Ct. 74, 11 L.Ed.2d 61 (1963).

probation solely at the discretion of the sentencing court. Thus, the "liberty" of which he speaks is a matter of grace which can be granted or denied within the discretion of the sentencing court at the time sentence is imposed. Indeed, he was under sentence from the beginning of his probation, but he was given conditional liberty which could be revoked when he violated the conditions imposed. We have consistently refused to interfere in traditional probation revocation proceedings unless there is a clear abuse of discretion.[12] *Mempa* does not alter this principle.

Affirmed.

---

12. Amaya v. Beto, 424 F.2d 363 (5th Cir. 1970); United States v. Knight, 413 F.2d 445 (5th Cir. 1969); Seymore v. Beto, 383 F.2d 384 (5th Cir. 1967).

