**Paul WOODS, Petitioner-Appellant,**

v.

**STATE OF TEXAS et al., Respondents-Appellees.**

**No. 30870**

**Summary Calendar.**\*

United States Court of Appeals,
Fifth Circuit.

April 5, 1971.

Paul Woods, pro se.

Crawford C. Martin, Atty. Gen., Nola White, First Asst. Atty. Gen., Alfred Walker, Executive Asst., Robert C. Flowers, Howard M. Fender, Asst. Attys. Gen., Austin, Tex., for respondents-appellees.

Before GEWIN, GOLDBERG and DYER, Circuit Judges.

PER CURIAM:

In this habeas corpus petition, Paul Woods, a prisoner of the State of Texas, asserts that the district court erred in denying relief on the ground that counsel was not provided in connection with a parole revocation proceeding which resulted in petitioner's return to prison in 1964 to resume service of his 99-year sentence for murder with malice. We affirm.

In Shaw v. Henderson,[1] this court held that failure to appoint counsel for an indigent in a Louisiana state probation proceeding is not a basis for federal habeas relief for two primary reasons:

> First, the revocation of probation hearing is not a "criminal proceeding." Second, Shaw's "right to liberty" was taken from him during his trial for burglary in 1965. He received probation solely at the discretion of the sentencing court. Thus, the "liberty" of which he speaks is a matter of grace which can be granted or denied within the discretion of the sentencing court at the time sentence is imposed. Indeed, he was under sentence from the beginning of his probation, but he was given conditional liberty which could be revoked when he violated the conditions imposed.[2]

The court below held that the rationale of *Shaw* militates against granting petitioner Woods the relief he seeks. We

---

\* ▋ Rule 18, 5th Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5th Cir. 1970, 431 F.2d 409, Part I.

1. 430 F.2d 1116 (5th Cir. 1970).

2. Id. at 1118–1119. See also: Loper v. Beto, 440 F.2d 934 (5th Cir. 1971) [1971].

**1348**

agree. In *Shaw* there was no denial of Sixth Amendment rights because the probation hearing was not a "criminal proceeding;" "he was not sentenced at the hearing, and no substantial rights were affected or could have been affected at the hearing."[3] The reasoning of the court in *Shaw* as applied to probation hearing applies *a fortiori* to petitioner's case since parole revocation is even more remote from the actual "criminal proceedings" than revocation of probation.

Affirmed.