**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Tollie JOHNSON, Defendant-Appellant.**

**No. 71–3014**

**Summary Calendar.***

United States Court of Appeals, Fifth Circuit.

Feb. 24, 1972.

Rehearing Denied March 20, 1972.

Henry K. Van Every, Columbus, Miss., Court-appointed, for defendant-appellant.

H. M. Ray, U. S. Atty., Falton O. Mason, Jr., Asst. U. S. Atty., Oxford, Miss., for plaintiff-appellee.

Before BELL, DYER and CLARK, Circuit Judges.

PER CURIAM:

Johnson's probation was revoked because he informed his probation officer that he bought and attempted to sell illegal whiskey. He attacks the revocation on the ground that the probation officer failed to inform him of his Miranda[1] rights prior to interrogating him about the possession of the liquor. We affirm.

Johnson was convicted after pleading guilty to possessing and transporting

---

* ■ Rule 18, 5 Cir. See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir. 1970, 431 F.2d 409, Part I.

1. Miranda v. Arizona, 384 U.S. 477, 86 S.Ct. 1602, 16 L.Ed.2d 694.

untaxed whiskey[2] and sentenced to eighteen months' imprisonment to be followed by three years' probation. During this probationary period Johnson was convicted by the state on a plea of guilty to possessing and transporting illegal liquor. Hearing of Johnson's arrest for this violation, the probation officer went to Johnson's residence and asked him about the incident. Johnson admitted that he bought the whiskey in Alabama and was attempting to resell it for a higher price in Mississippi. The probation officer directed Johnson to include the arrest on his monthly supervision report which he mailed to the probation office.

The report and the probation officer's testimony were used as the basis for the probation revocation. Johnson objected to the introduction of the evidence on the ground that he was never given a *Miranda* warning prior to being interrogated by the probation officer. Because no other evidence was introduced by the Government Johnson argues that the Court was foreclosed from finding that the conditions of the probation were violated. The district court rejected this argument and refused to apply the *Miranda* exclusionary rule to a probation revocation hearing. We agree.

A probation revocation hearing is not an adversary or a criminal proceeding, Shaw v. Henderson, 5 Cir. 1970, 430 F.2d 1116, 1118; United States ex rel. Lombardino v. Heyd, E.D.La.1970, 318 F.Supp. 648, 652, aff'd, Lombardino v. Heyd, 5 Cir. 1971, 438 F.2d 1027, but is more in the nature of an administrative hearing intimately involved with the probationer's rehabilitation. Lombardino v. Heyd, *supra*. An injection of the *Miranda* protection here could be toxic and produce a paresis in the probation process.

2. 26 U.S.C.A. § 5604(a) (1).

Counsel for Johnson has cited us no cases where the exclusionary rule has been applied in a revocation hearing. Indeed, we find the converse to be true in Fourth and Sixth Amendment analogies, Lombardino v. Heyd, *supra*; Shaw v. Henderson, *supra*.

Johnson has not denied his admission nor has he attacked its voluntariness. The facts and the evidence here are such that the district court could reasonably satisfy itself that Johnson has violated the conditions of his probation. *See* United States v. Bryant, 5 Cir. 1970, 431 F.2d 425, 426, citing Manning v. United States, 5 Cir. 1947, 161 F.2d 827, 829.

The judgment of the district court is Affirmed.