366 So.2d 1389 (1978)
STATE of Louisiana
v.
Russell LASSAI.
No. 62964.
Supreme Court of Louisiana.
December 15, 1978.
*1390 Roy V. Ladner, Student Practitioner, William J. O'Hara, III, New Orleans, Supervising Atty., Loyola Law School Clinic, for defendant-relator.
William J. Guste, Jr., Atty. Gen., Barbara B. Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Julie C. LeBlanc, Asst. Dist. Atty., for plaintiff-respondent.
DIXON, Justice.
This writ was granted to review the probation violation of a narcotics addict for a single instance of drug use while undergoing treatment for addiction.
Petitioner, Russell Lassai, pleaded guilty on July 8, 1977 to theft and receiving stolen property and to being a guadruple offender. He was sentenced to serve twenty-five years in custody of the Department of Corrections. His sentence was suspended and he was placed on probation for five years, with the special condition that he be accepted in the Odyssey House for treatment of heroin addiction, and remain as a resident, confined to those premises until he is released as cured to the satisfaction of the court and Odyssey House personnel. Petitioner was prematurely discharged from the Odyssey House on June 19, 1978 for kissing another resident. The trial judge then transferred him to the Euterpe Center for treatment. In July, 1978 petitioner's probation officer recommended revocation after one of the required urine tests indicated the presence of drugs, and after petitioner admitted to both his counselor and his probation officer that he had used drugs. Petitioner's probation was revoked and the suspended sentence was made executory after a revocation hearing. Writs were granted to review the regularity of the revocation hearing.
While at the Euterpe Center he was given almost daily urine tests, and on July 16 the test was positive for preludin. A director there had been instructed by the probation officer to inform him of the first time Lassai "made a mistake." When informed, he commenced proceedings to revoke the probation. On August 10 the probation was revoked by the district judge.
Defendant complains of two procedural errors. The procedural claims would not change our result in this review. Defendant's admissions made to his probation officer were properly admitted by the trial judge in spite of the absence of Miranda warnings; the Miranda rule has not been extended to probation hearings. United States v. Johnson, 455 F.2d 932 (5th Cir. 1972), cert. den. 409 U.S. 856, 93 S.Ct. 136, 34 L.Ed.2d 101 (1972); accord, State of Washington v. Johnson, 9 Wash.App. 766, 514 P.2d 1073 (1973). Nor does the record disclose a privilege which would prevent the *1391 evidentiary use of an admission by defendant to the director of counseling at the Euterpe Center; it was not shown that she was a social worker, and for that reason R.S. 37:2714 is not applicable. Privileges are narrowly construed, and will not be extended to the counselor solely because she was "in the same position" as a physician (making R.S. 15:476 applicable) or social worker. See State v. Kaufman, 331 So.2d 16 (La.1976); State v. McKinnon, 317 So.2d 184 (La.1975).
The objection to the introduction of the urinalysis reporta form filled in by an unknown person purporting to convey information about a laboratory computer report of the urinalysis resultsshould have been sustained. It violated minimum due process rights of confrontation and examination of witnesses. Morrissey v. Brewer, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972); Gagnon v. Scarpelli, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973); Baggert v. State, 350 So.2d 652 (La.1977). Nevertheless, the error is not reversible. The report was not the only evidence of drug use; defendant's admissions sufficiently proved the violations.
The object of probation is rehabilitation. If not cured during the probation period, defendant will serve his twenty-five year penitentiary sentence. He almost completed his first year at Odyssey House and was transferred by the court to the Euterpe Center because he kissed a female inmate. Although addicted to drugs, the record shows only the single use of preludin on July 16, 1978. The violation was reported because the probation officer had told the counselor to report the first mistake. The Euterpe Center did not want the revocation, and complained of lack of time to work with the defendant and his problems. Defendant's counselor thought defendant a good candidate for rehabilitation, and would have taken him back for treatment if permitted by the court.
In his reasons for judgment the trial judge spoke mainly about the admissibility of the evidence, and emphasized that "probation is a matter of grace in the first place to start with by this court." Morrissey v. Brewer, supra and Gagnon v. Scarpelli, supra have established that even the qualified liberty of a probationer is protected by fundamental fairness and due process rights. This court, in State ex rel. Robertson v. Maggio, 341 So.2d 366 (La.1976), reversed the Criminal District Court of Orleans Parish when it revoked a probation for a relatively minor violation, stating that C.Cr.P. 900 vests the trial judge with substantial discretion when a defendant violates a condition of probation, and that the failure to exercise that discretion is error. Even in the absence of that statute, fundamental fairness would require the exercise of sound discretion, and would prohibit arbitrary and capricious revocation.
The record before us does not support the decision to revoke defendant's probation.
The judgment revoking defendant's probation and the order making the sentence of July 8, 1977 executory is reversed.
SUMMERS, J., dissents.
DENNIS, J., concurs and assigns reasons.
DENNIS, Justice, concurring.
Although I agree with the majority opinion in all other respects, I am not prepared to hold that the right of "any person . . . arrested or detained in connection with the investigation or commission of any offense" to be advised fully of his constitutional rights, La.Const.1974, Art. I, § 13, is not guaranteed to a probationer under interrogation by his probation officer in connection with an offense which may constitute a violation of his probation.