LABORDE, Judge.
We granted a writ of certiorari in this case to consider correctness of the trial court’s judgment dated January 18, 1985, denying defendant’s motion seeking to rescind an order revoking his probation. We affirm.
On January 18, 1983, defendant Clarence Blevins was placed on supervised probation in connection with guilty pleas which he had entered to various charges of distribution of controlled substances.
On January 18, 1985, after a hearing, the district court revoked Blevins’ probation. The hearing was prompted by Blevins’ arrest, on December 1, 1984, on a charge of second degree battery (LSA-R.S. 14:34.1). Subsequent to this arrest and the revocation of probation, Blevins was tried and acquitted of the second degree battery charge.
On appeal, Blevins argues that the district court abused the discretion accorded by La.C.Cr.P. art. 901 by failing to apply principles of fundamental fairness and due process of law at the revocation hearing.
At the outset, we note that the law applicable to this case is La.C.Cr.P. art. 900, and not (as defendant suggests) La.C.Cr.P. art. 901. Article 900 provides:
“After an arrest or service of a summons pursuant to Article 899, the court shall cause the defendant to be brought before it without unnecessary delay for a hearing. The hearing may be informal or summary. If the court decides that the defendant has violated, or was about to violate, a condition of his probation it may:
(1) Reprimand and warn the defendant;
(2) Order that supervision be intensified;
*1057 (3) Add additional conditions to the probation; or
(4) Order that the probation be revoked. In the event of revocation the defendant shall serve the sentence suspended, with or without credit for the time served on probation in the discretion of the court. If the imposition of sentence was suspended, the defendant shall serve the sentence imposed by the court at the revocation hearing; or
(5) Extend the period of probation provided the total amount of time served by the defendant on probation for any one offense shall not exceed the maximum period of probation provided by law.”
(Emphasis added.)
Article 901 provides additional grounds for revocation of probation, and applies where a defendant who is on probation for a felony commits or is convicted of a felony.[1]
The first condition of Blevins’ probation was that he “[r]efrain from criminal conduct, specifically, the violation of any state, federal, local, or municipal law.”
Under our reading of article 900, the district court was empowered to revoke Blevins’ probation upon deciding that he had violated, or was about to violate, a condition of his probation. The jury’s subsequent determination that Blevins was not guilty of second degree battery does merit attention. Nonetheless, it is dispositive of neither the statutory nor constitutional issues which this case presents.
From the record, it is clear that the court decided that Blevins was about to violate a condition of his probation when he engaged in the altercation for which he was arrested. That Blevins’ conduct did not, in a jury’s estimation, amount to second degree battery does not mean that the district court abused its discretion in finding that Blevins was about to violate state law.
We will address now the constitutional argument raised by the defendant.
Even the qualified liberty of a probationer is protected by fundamental fairness and due process rights. Morrissey v. Brewer, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972); State v. Lassai, 366 So.2d 1389 (La.1978).
Discussing the constitutional dimension of probation revocation hearings, our Supreme Court observed:
“Although a probation revocation hearing is different from a trial, its result may be the same — the imprisonment of the defendant. Therefore, the defendant, while not entitled to the full panoply of rights due a defendant in a criminal prosecution, is entitled to certain minimal procedural protection. Morrissey v. Brewer, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972). In Morrissey [sic], the United States Supreme Court found the minimum requirements of due process for parole revocation to include:
(a) written notice of the claimed violations of parole; (b) disclosure to the parolee of evidence against him; (c) opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation); (e) a ‘neutral and detached’ hearing body such as a traditional parole board, members of which need not be judicial officers or lawyers; and (f) a written statement by the factfinders as to the evidence re *1058 lied on and reasons for revoking parole.’ 408 U.S. at 489, 92 S.Ct. at 2604.”
State v. Harris, 312 So.2d 643, 644 (La.1975).
Our review of the record satisfies us that each of these enumerated elements of due process was afforded to Blevins.
The district court also considered evidence to the effect that Blevins had pleaded guilty, on December 16, 1983, to resisting an officer. LSA-R.S. 14:108. This means, of course, that Blevins violated a condition of his probation on two separate occasions prior to the revocation hearing— once in December, 1983, by resisting an officer, and again in December, 1984, by engaging in a violent altercation.
In sum, we are satisfied that the district court did not abuse its discretion in revoking the defendant’s probation.
For the above and foregoing reasons, the writ heretofore granted is recalled and the order revoking defendant’s probation is affirmed.
AFFIRMED.
GUIDRY, J., concurs and assigns written reasons.

. Article 901 provides in pertinent part:
"A. In addition to the grounds for revocation of probation enumerated in Louisiana Code of Criminal Procedure Article 900, when a defendant who is on probation for a felony commits or is convicted of a felony under the laws of this state, or under the laws of another state, the United States, or the District of Columbia, or is convicted of a misdemeanor under the provisions of Title 14 of the Louisiana Revised Statutes of 1950, or is convicted of a misdemeanor under the provisions of the Uniform Controlled Dangerous Substances Law contained in Title 40 of the Louisiana Revised Statutes of 1950, his probation may be revoked as of the date of the commission of the felony or final conviction of the felony or misdemeanor."