DOUCET, Judge.
The Juvenile Court revoked Douglas Shannon Hall’s probation and ordered him to be placed in LTI for a time not to exceed his 21st birthday. He now seeks an appeal from the revocation of his probation.
On November 20, 1984, a petition was filed against the sixteen year old juvenile alleging his delinquency based on conduct described as two counts of simple burglary, in violation of La.R.S. 14:62, and one count of theft, in violation of La.R.S. 14:67. In proceedings held on December 20,1984, the juvenile admitted that conduct. The admission was accepted by the court. The juvenile was adjudicated a delinquent and under the recommendation of the probation officer, was committed to the Department of Corrections for a period not to exceed his 21st birthday. The commitment was suspended, and the juvenile was placed on supervised probation, one of several conditions being that he obey all local, state and federal laws and ordinances. On January 17, 1985, another petition was filed against the juvenile alleging a delinquency based on reckless operation of a vehicle, in violation of La.R.S. 14:99. The court accepted the defendant’s admission of this conduct. The court ordered the juvenile placed in the Department of Corrections Juvenile Reception and Diagnostic Center for 30 days.
On January 21, 1985, by a request of the probation officer, another hearing was held. The probation officer, Mrs. Hyams, stated that she had received other information regarding Hall’s behavior and recommended that the juvenile be committed to the Department of Corrections for a period not to exceed his 21st birthday. Mrs. Hyams testified that she had become aware of Hall’s being involved on January 18, 1985, in a fight in which .several boys were seriously injured, and in which he was armed with a weapon (brass knuckles attached to a knife). The defendant admitted to being in a fight and “pulling” a knife on an individual who had previously threatened him with a knife.
After giving oral reasons, the trial judge revoked probation and ordered that the defendant be committed to the Department of Corrections for a period not to exceed his 21st birthday. After the filing of assignments of error, the court rendered a per curiam decision which reads, in part, as follows:
“The two assignment of errors filed by counsel for the above named juvenile states that the Court was in error in finding the defendant guilty of the charges filed against him. The Court has reviewed the minutes of Court and finds that the Court did not find the defendant guilty, but rather he admitted to the charges against him.”
The juvenile alleges that the trial court erred in committing him to the Louisiana *464 Department of Corrections for a period of time not to exceed his 21st birthday. He argues that his suspended sentence should not have been revoked without proof that an actual crime was committed.
In probation matters the court has wide discretion. State v. Lassai, 366 So.2d 1389 (La.1978); State ex rel. Robertson v. Maggio, 341 So.2d 366 (La.1976). There appears to be no abuse of discretion in this case.
At a probation revocation hearing in criminal cases involving adults, a violation of the conditions of probation may be shown by established criminal conviction or by actual proof of the commission of the crime, apart from the conviction. State v. Davis, 375 So.2d 69 (La.1979); State v. Sussmann, 374 So.2d 1256 (La.1979). Evidence of delinquent acts may similarly be shown to establish the violation of the conditions of probation in the case of juveniles. In the case before us there was no adjudication involving the new misconduct but the juvenile admitted to violating La.R.S. 14:99 and to having been involved in an altercation in which he threatened someone with a knife. In State v. Lassai, supra, admissions to a probationary officer of criminal conduct were admissible at a probation revocation hearing and formed a basis for the revocation of probation. Admissions of delinquent acts at the revocation hearing before the judge could, thus, be a basis of revocation of probation. Therefore, the judgment of the trial court is affirmed.
AFFIRMED.