487 So.2d 538 (1986)
STATE of Louisiana
v.
Perry LAWRENCE.
No. KA 4117.
Court of Appeal of Louisiana, Fourth Circuit.
April 11, 1986.
*539 William J. Guste, Jr., Atty. Gen., Barbara B. Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Pamela S. Moran, A. Hammond Scott, Asst. Dist. Attys., New Orleans, for the State.
Kendall P. Green, Orleans Indigent Defender Program, New Orleans, for defendant.
Before GULOTTA, SCHOTT and BARRY, JJ.
SCHOTT, Judge.
Defendant was convicted of possession of heroin in violation of LSA-R.S. 40:966(C)(1). Pursuant to R.S. 15:529.1 he was sentenced as a second offender to ten years at hard labor.
Two narcotics officers testified that they were patrolling a high crime area in New Orleans when they saw defendant standing in front of a bar with three others. As they approached they saw him reach into his boot and retrieve a cellophane packet. They stopped in front of the group, and when defendant saw the officers, he discarded the packet and started walking away. The police retrieved the packet which they thought contained drugs and arrested defendant. The substance was heroin.
Defendant's girlfriend, Kartranka Gordon, testified that she was at the scene and defendant was arrested for no reason as he was coming from the bar.
By his second assignment of error defendant contends the trial court committed reversible error in failing to grant a recess on his motion so that he could produce a witness. Defendant had subpoenaed Sansone Alexander to testify in his behalf. This witness was present at the beginning of the trial, but when he was called to testify for the defendant he was absent. Defense counsel asked for a short recess stating that Alexander had been subpoenaed to appear in traffic court which was just a short distance away and that the other defense witness, Kartranka Gordon, had gone to fetch him. After a short recess defense counsel moved for a continuance stating that Alexander had been duly subpoenaed and had left to go to traffic court; that Gordon had just found him there and told him he was needed; that he said he was coming and now the sheriff had gone to look for him. The trial court denied the motion for continuance stating there was no one left in traffic court but he ordered that Alexander be arrested to face contempt charges.
Defendant argues he was severely prejudiced by the court's ruling because Alexander would have testified, like Gordon, that he was there when defendant was arrested for no reason and the jury would have assigned much more weight to his testimony than Gordon's since he was a disinterested witness.
We are persuaded that the denial of the continuance was abusive of the trial court's discretion in such matters. Defendant had done everything he could to present this witness, and he was present when the trial began. Defendant had no way of physically holding the witness until he was called. On the other hand the court could have recessed and used its power to fetch the witness. This error would seem to be reversible error based upon defendant's representation of the witness's expected testimony, but subsequent events proved otherwise.
Alexander was arrested and brought to trial for contempt on the same day defendant was sentenced the first time. He testified at the contempt hearing that Katranka Gordon had asked him to lie on the stand in defendant's behalf by stating he had seen defendant being arrested for nothing when, in fact, Alexander was not even there. He told her he would not do this. After he *540 reported to criminal court for defendant's trial he went over to traffic court intending to return. However, while he was in traffic court Kartranka came to him and said defendant's trial was over and he need not return there.
Thus, Alexander was of no use to defendant at his trial, and the court's denial of the continuance was harmless error.
By his other assignment defendant contends his sentence was excessive. He was originally sentenced to five years but this was vacated pursuant to the Habitual Offender Law and he was resentenced as a second offender to ten years. The maximum sentence he faced originally was ten years, and as a second offender, twenty years.
In our review of this record for errors patent we found only one. Since it is in the sentence imposed on defendant, it is appropriate to discuss it at this point. The trial court sentenced defendant to ten years without the benefit of parole, probation, or suspension of sentence. R.S. 40:966(C)(1) provides for a sentence of ten years without benefit of probation or suspension of sentence, but not without parole. R.S. 15:529.1(A)(1) allows the maximum sentence but does not exclude parole. R.S. 15:574.4(A) specifies that a second offender otherwise eligible for parole shall be eligible for consideration upon serving onehalf of his sentence. Thus, the trial judge imposed a sentence on defendant which was illegally harsh because his term was to be without the benefit of parole. For this reason the sentence is to be vacated and the case remanded for resentencing.
Although this result may render defendant's assignment of error regarding his sentence as moot, we note that this ten year sentence seems severe under the circumstances. Defendant was twenty-nine years of age and had a previous conviction in 1979 for possession of phencyclidine for which he was given a suspended sentence of five years. His present offense consisted of possession of a small quantity of heroin. The only explanation given for the sentence by the trial judge is; "Facts are based on Article 894.1 of sub-section A3." This sub-section states: "A lesser sentence will deprecate the seriousness of the defendant's crime." This does not demonstrate that the court adequately considered the sentencing guidelines in fashioning an appropriate sentence. State v. Melton, 456 So.2d 192 (La.App. 4th Cir.1984).
Accordingly, defendant's conviction is affirmed. His sentence is vacated and the case is remanded to the trial court for resentencing.
CONVICTION AFFIRMED SENTENCE VACATED REMANDED FOR RESENTENCING.