LOBRANO, Judge.
Defendant, Ernestine Sebble, a/k/a Pam Sebble, was indicted for distribution of heroin, a violation of La.R.S. 40:966. Defendant was arraigned and pled not guilty. On May 31, 1989, defendant was tried by a twelve-person jury and found guilty as charged. On June 12, 1989, defendant was sentenced to life imprisonment at hard labor without benefit of probation, parole or suspension of sentence.
FACTS:
Increased trafficking in heroin led to a 1988 undercover operation by the New Orleans Police Department called “Operation *161 Alleycat” targeted at heroin dealers in certain areas of the city. Assigned as the undercover agent was Jimmy Penton of the Slidell Police Department who worked in conjunction with a confidential informant. Also involved in the investigation was New Orleans Police Officer Clarence Wethern.
On August 30, 1988, Wethern received a telephone call from the confidential informant who stated that a woman named “Pam” was selling bundles (twenty-five individual foil-wrapped doses) of heroin. Wethern arranged for Penton to meet the informant.
Pursuant to this information Penton, accompanied by the confidential informant, proceeded to South Lopez and Gravier Streets where they observed defendant. When Penton drove up to the curb, defendant approached the car. When Penton asked to purchase a bundle, defendant replied that she had none and to return the next day. Penton insisted he needed the heroin that day. Defendant then told Pen-ton to drive around the block and she would do what she could. Penton did as defendant instructed. Defendant was then seen by surveillance officers entering a building at the corner of South Salcedo and Gravier Streets. Shortly thereafter, Pen-ton returned to the corner of South Lopez and Gravier where defendant was waiting. Defendant informed Penton that her “man” was out of bundles and that she needed the money in order to get the bundles from another source. Penton refused and started to drive away. Defendant stopped him and instructed Penton to return in five minutes. Penton drove away and waited nearby for five minutes. Defendant was observed speaking to a man identified as Fettus Stewart. After approximately five minutes Penton returned to South Lopez and Gravier. Defendant leaned into the car and handed Penton a package. Penton handed defendant $260.00. The package contained ten tin foil packets of a substance which positively field-tested for heroin. Laboratory analysis showed the heroin was 37% pure.
Defendant appeals her conviction and sentence asserting the following assignments of error:
1) The trial court erred in denying a mistrial when the State repeatedly asked the narcotic officers if they recognized the defendant from before.
2) The trial court erred in imposing a sentence denying parole eligibility.
ASSIGNMENT OF ERROR 1:
Defendant asserts the trial court erred in denying her motion for a mistrial pursuant to Code of Criminal Procedure Article 770 after the State asked the police-officer witnesses if they had previously known defendant. The record reveals that only two of the three officers were asked if they previously knew her. Defendant argues that the purpose behind the State asking this question was to introduce evidence of other crimes, specifically narcotics trafficking. We disagree.
Code of Criminal Procedure Article 770 provides that a mistrial shall be ordered when a remark or comment is made within the hearing of the jury by the judge, district attorney, or other court officials which either directly or indirectly refers to another crime committed or alleged to have been committed by the defendant. Where the State deliberately elicits an impermissible reference to another crime from a witness, the reference is imputable to the State and a mistrial is mandated. State v. Overton, 337 So.2d 1201 (La.1976). The denial of a motion for mistrial properly based upon a question prohibited by Article 770 is per se a substantial violation of a statutory right. And as a consequence, the harmless error rule is inapplicable. State v. Green, 315 So.2d 763 (La.1975); State v. Morgan, 513 So.2d 361 (La.App. 4th Cir.1987), writ denied, 514 So.2d 1179 (La.1987). Nevertheless, a prosecutor may establish by questioning that a police officer had knowledge of a defendant prior to the date of the offense in question. See, State v. Overton, supra.
An officer witness’s simple reference to familiarity with a defendant or to observation of a defendant on other occa *162 sions does not constitute a prohibitory reference to “other crimes” committed by defendant. State v. Roberson, 454 So.2d 343 (La.App. 4th Cir.1984), writ denied, 458 So.2d 126 (La.1984); State v. Young, 426 So.2d 370 (La.App. 2nd Cir.1983).
In the instant case neither officer made reference either directly or indirectly to any specific crime or criminal activity in defendant’s past.[1] Both testified that they knew defendant prior to the drug transaction of August 30, 1988 without stating how they knew her. Since neither officer implicated defendant in any past criminal activity, we find no error in the trial court’s denial of the motion for a mistrial.
This assignment of error is without merit.
ASSIGNMENT OF ERROR 2:
Defendant asserts the trial court erred in denying her parole eligibility. We agree.
Defendant was sentenced pursuant to La.R.S. 40:966 which specifies that defendant’s sentence is to be served without benefit of probation or suspension of sentence only. Parole eligibility cannot be excluded in imposing sentence. State v. Lawrence, 487 So.2d 538 (La.App. 4th Cir.1986).
For the foregoing reasons, defendant’s conviction is affirmed. Defendant’s sentence is amended to delete the denial of parole eligibility. In all other respects, defendant’s sentence is affirmed.
CONVICTION AFFIRMED; SENTENCE AMENDED AND AS AMENDED AFFIRMED.

. Direct examination of Officer Wethern:
Q. Did you know her name prior to that date?
A. Yes, ma’am.
Q. Were you able to recognize her face prior to that date?
A. Oh, yes.
[[Image here]]
Direct examination of Officer Penton:
Q. Did she acknowledge knowing you, sir?
A. Yes, she did.
Q. How?
A. She said, "I know you from before.”