WOODARD, Judge.
The trial court revoked Sandra Collier Temple Williams’ probation and adjudicated defendant guilty of the crime of possession of heroin. Defendant now seeks an appeal from the revocation of her probation.
FACTS
Defendant was arrested in St. Martin parish on January 5, 1988, for possession *248 of heroin, a violation of La.R.S. 40:966(C)(1), as well as several other offenses. On December 7, 1989, defendant appeared in criminal district court. Defendant was charged with possession of heroin and possession of stolen property. The court ordered that the charge of possession of stolen property be dismissed, and defendant plead guilty to the crime of possession of heroin. Under the provision of La.R.S. 40:983, the court deferred further proceedings and placed defendant on supervised probation for a period of five years, under the following special conditions: 1) pay a fine of $5,000.00 and costs of the proceedings; 2) reimburse the indigent defender fund the sum of $500 for legal services provided; 3) submit to periodic and unannounced drug screening and testing; 4) successfully complete, at defendant’s own expense, a court approved substance program; 5) refrain from using or possessing any controlled dangerous substance defined by the laws of any state in the United States or of the United States; 6) refrain from associating with persons who use or possess controlled dangerous substances; 7) pay $10 a month to the division of probation and parole; 8) waive extradition in the event of a violation; 9) reimburse the court for any expenses involved in returning defendant to Louisiana. The court allowed defendant’s probation to be transferred to Florida, where she intended to reside.
On February 5, 1991, defendant reported to her Florida probation officer, Mike Dia-mantas, to submit to a drug test as requested. Defendant passed it but Defendant’s mother-in-law notified Mr. Diaman-tas that defendant had been tampering with the urine. Defendant admitted to Mr. Diamantas that she had tampered with the urine, using a cigar tube filled with another’s urine which was inserted into her vagina. She also admitted that she was driving while her license was suspended. The second drug test administered tested positive for cocaine and benzodaiz (valium).
Mr. Diamantas testified at the revocation hearing that the defendant became upset and demanded to leave when told she would need to submit to another test; she called him the next day to inquire about the results of the test; she told him that the test was going to show up positive for marijuana and valium, because she had been using them, and positive for cocaine, but only because she was around people smoking it.
On the basis of this information, an affidavit was filed in the district court by Whalen H. Gibbs, Jr., a probation officer with the Louisiana Department of Public Safety and Corrections, stating that defendant had violated her probation. On December 7, 1991, a revocation hearing was held and the court found that the defendant had not complied with the probation conditions and that she had in fact violated her probation. On December 16, 1991, the court adjudicated the defendant guilty of the crime of possession of heroin and, under La.R.S. 40:966(C)(1), sentenced defendant to serve ten'years at hard labor with the Louisiana Department of Public Safety and Corrections, without the benefit of probation or suspension of sentence. A Motion for Appeal was timely filed, and defendant was granted an appeal on December 20, 1991. Although a judgment revoking probation is generally not appealable, State v. Manuel, 349 So.2d 882 (La.1977); State v. Forest, 571 So.2d 893 (La.App. 5 Cir. 1990), writ denied 577 So.2d 13 (La.1991), under the provisions of La.R.S. 40:983, the final adjudication of defendant’s guilt had not been decided, nor had a sentence been imposed, until the probation was revoked. Therefore, since the Motion for Appeal was timely filed, defendant’s conviction and sentence are subject to review under ordinary appellate process.
Defendant appeals her probation revocation and subsequent sentence, asserting four assignments of error.
ASSIGNMENTS OF ERROR NOS. 1 AND 2; DEFENDANT’S BRIEF, ASSIGNMENT OF ERROR NO. 1
By these assignments of error, de-. fendant contends that she was denied due process of law and the right to confront witnesses when the district court revoked *249 her probation upon the unsupported testimony of her probation officer.
The Louisiana Supreme Court has held that formal rules of evidence do not apply in revocation proceedings. State v. Davis, 375 So.2d 69 (La.1979). In probation matters the court has wide discretion. State v. Lassai, 366 So.2d 1389 (La.1978). Louisiana Code of Evidence art. 1101 provides, in pertinent part, as follows:
Art. 1101. Applicability
A. Proceedings generally. Except as otherwise provided by legislation, the provisions of this Code shall be applicable to the determination of questions of fact in all contradictory judicial proceedings and in proceedings to confirm a default. Juvenile adjudication hearings in nondelinquent proceedings shall be governed by the provisions of this Code applicable to civil cases. Juvenile adjudication hearings in delinquency proceedings shall be governed by the provisions of this Code applicable to criminal cases.
B. Limited applicability. Except as otherwise provided by legislation, in the following proceedings, the principles underlying this Code shall serve as guides to the admissibility of evidence. The specific exclusionary rules and other provisions, however, shall be applied only to the extent that they tend to promote the purposes of the proceeding.
(1) Worker’s compensation cases.
(2) Child custody cases.
(3) Revocation of probation hearings.
Although the rules of evidence are relaxed in probation revocation proceedings, the state must still establish that a defendant violated a condition of probation. A violation of the conditions of probation may be shown by an established criminal conviction or by actual proof of the crime, apart from the conviction. State v. Hall, 487 So.2d 462 (La.App. 3 Cir.1986).
In Lassai, supra, the court held that the admission of a urinalysis report violated the due process rights of confrontation and examination of witnesses, where the report form had been filled in by an unknown person. However, the urinalysis report was not the only evidence of defendant’s drug use in Lassai. Defendant’s admissions were sufficient to prove drug use.
In the present case, the trial judge did not rely on the results of a drug test administered to defendant on February 5, 1991. Although the drug screen tested positive for cocaine and valium, the trial judge decided not to admit the results into evidence since defense counsel did not have the opportunity to examine the test results. Instead, the trial judge relied on the testimony of defendant’s probation officer. Mr. Diamantas, the defendant’s probation officer in Florida, testified at the revocation hearing that defendant phoned him on February 6, 1991, and stated that the drug test she took on the preceding day would show up positive for cocaine, marijuana and vali-um. She further stated that she had not indulged in cocaine use but was around people smoking it.
Counsel for defendant argues that Morrissey v. Brewer, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972), and Gagnon v. Scarpelli, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973), delineated the federal due process rights of parolees and probationers in revocation proceedings.[1] Among the rights delineated was the right to confront and cross-examine adverse witnesses. Morrissey v. Brewer, supra.
In the present case, defendant’s counsel conducted a cross-examination of Mr. Diamantas on two occasions concerning Mr. Diamantas’ recognition of defendant’s voice during their phone conversations. On both occasions, Mr. Diamantas stated that it was defendant who called him and admitted to using illegal drugs. Mr. Diamantas stated that he spoke with the defendant frequently and that there was no doubt in his mind that it was the defendant who called him and told him that she had been using drugs. Testimony of a witness *250 familiar with defendant’s voice, as to statements made by defendant over the telephone, is admissible as evidence. State v. Sonnier, 558 So.2d 749 (La.App. 3 Cir. 1990).
We hold that the trial judge did not err in finding that defendant had in fact engaged in the illegal use of drugs, in violation of her probation. Had the trial judge allowed the results of the drug test into evidence, this would have further corroborated Mr. Diamantas’ testimony. In State ex rel. Robertson v. Maggio, 341 So.2d 366 (La. 1976), the court stated that La.C.Cr.P. art 900 vests the trial judge with substantial discretion when a defendant violates a condition of probation, and failure to exercise that discretion is error. The court went on to find that revocation of defendant’s probation because of a single drug use violation would be an abuse of discretion, therefore, the court reversed the judgment revoking the defendant’s probation.
In the instant case, the trial judge found ample facts to prove that defendant had engaged in the use of at least two types of drugs. Furthermore, the trial judge warned the defendant during her original sentencing on the possession of heroin charge that “any use or possession of any controlled, dangerous substance will be a violation of your probation which will subject you to a revocation of that probation and an imposition of sentence.”
Therefore, we find these assignments of error are without merit.
ASSIGNMENT OF ERROR NO. 3; DEFENDANT’S BRIEF, ASSIGNMENT OF ERROR NO. 2
Defendant argues that the sentence imposed was illegal because the court originally was without authority to accept defendant’s plea and place her on probation, under the provisions of La.R.S. 40:983(A), because the court was aware that the defendant had a prior drug conviction. La.R.S. 40:983(A) provides as follows:
A. Whenever any person who has not previously been convicted of any offense under this Part pleads guilty to or is convicted of having violated R.S. 40:966(C), R.S. 40:967(C); R.S. 40:968, R.S. 40:969(C); R.S. 40:970(C) of this Part, and when it appears that the best interests of the public and of the defendant will be served, the court may, without entering a judgment of guilt and with the consent of such person, defer further proceedings and place him on probation upon such reasonable terms and conditions as may be required. Among such conditions the court shall order that the defendant perform not less than one hundred hours of court-approved community service that may include manual labor.
The trial judge stated the following at defendant's sentencing:
My recollection is that the defendant not only had a criminal record prior to the instant offense but that record included drug convictions.
Nothing in the record reflects the defendant’s prior criminal record and drug convictions are the type offenses enumerated under La.R.S. 40:983(A). Furthermore, if defendant is correct in her assertion that the trial judge erred in originally imposing probation, defendant fails to show any prejudice as defendant received a benefit by being placed on probation. Further, defendant should have contested the illegality of the sentence at the time of imposition not at its subsequent revocation.
We find this assignment of error lacks merit.
ASSIGNMENT OF ERROR NO. 4; DEFENDANT’S BRIEF, ASSIGNMENT OF ERROR NO. 3
By this assignment, defendant contends that the trial court abused its discretion when it sentenced the defendant to serve ten years at hard labor, the maximum allowed by law, without benefit of probation or suspension of sentence.
Article 1, § 20 of the Louisiana Constitution of 1974, prohibits “cruel, excessive, or unusual punishment.” A sentence which falls within the statutory limits may nevertheless be excessive under the circum *251 stances. State v. Sepulvado, 367 So.2d 762 (La.1979); State v. Naquin, 527 So.2d 601 (La.App. 3 Cir.1988). To constitute an excessive sentence this court must find that the penalty is so grossly disproportionate to the severity of the crime as to shock our sense of justice or that the sentence makes no measurable contribution to acceptable penal goals and, therefore, is nothing more than needless imposition of pain and suffering. State v. Campbell, 404 So.2d 1205 (La.1981); State v. Everett, 530 So.2d 615 (La.App. 3 Cir.1988), writ denied, 536 So.2d 1233 (La.1989). The trial judge is given wide discretion in imposing a sentence, and a sentence imposed within statutory limits will not be deemed excessive in the absence of manifest abuse of discretion. State v. Howard, 414 So.2d 1210, 1217 (La.1982).
The Legislature has provided criteria to aid a sentencing court in determining whether a sentence of imprisonment should be imposed and whether suspension of a sentence or probation is warranted. La. C.Cr.P. art. 894.1; State v. Klause, 525 So.2d 1076 (La.App. 3 Cir.1988). Paragraph (C) of Article 894.1 requires the court to state for the record the considerations taken into account and the factual basis used when imposing a sentence. The trial court need not refer to every aggravating and mitigating circumstance in order to comply with the article. However, the record must affirmatively reflect that adequate consideration was given to the codal guidelines in particularizing the defendant’s sentence. State v. Smith, 433 So.2d 688 (La.1983).
If there is an adequate factual basis for the sentence contained in the record, the trial court’s failure to articulate every circumstance listed in Article 894.1 will not necessitate a remand for resentencing. State v. Cottingin, 476 So.2d. 1184 (La. App. 3 Cir.1985), appeal after remand, 496 So.2d 1379 (La.App. 3 Cir.1986); State v. Morgan, 428 So.2d 1215 (La.App. 3 Cir. 1983), writ denied, 433 So.2d 166 (La.1983).
As stated in Cottingin, supra:
“There are two underlying purposes of the codal requirement that the sentencing court articulate the specific reasons based on particular facts and considerations for imposing a sentence. First, it ensures that the sentence is particularized to the defendant. In addition, it aids the reviewing court in the determination of whether the sentence imposed is excessive by providing an actual indication of whether the sentencing court adequately considered the statutory guidelines.” (citations omitted) Cottingin, supra, at p. 1186.
Counsel for defendant cites State v. Lawrence, 487 So.2d 538 (La.App. 4 Cir. 1986), which held that a ten year sentence for the possession of a small amount of heroin was too harsh even though defendant had a prior drug conviction.
One convicted of possession of heroin shall be imprisoned at hard labor for not less than four years nor more than ten years without benefit of probation or suspension of sentence. La.R.S. 40:966(C)(1). In the instant case, the trial judge sentenced defendant to ten years at hard labor, the maximum allowed by law.
In imposing sentence, the record reveals that the trial judge “consulted the sentencing guidelines provided by article 894.1 of the Code of Criminal Procedure.” The new sentencing guidelines were not yet in effect. The trial judge, in revoking and imposing the maximum sentence, felt that a lesser sentence would deprecate the seriousness of the offense. The trial judge also was df the opinion that the defendant was in need of correctional treatment. The trial judge, who was also the judge at defendant’s original hearing, stated that the “defendant not only had a criminal record prior to the instant offense but that the record included drug convictions.” The trial judge further stated that “It was acknowledged that she [defendant] had a drug problem, that she was addicted to narcotic drugs.” Although the record indicates that the trial judge considered defendant’s prior criminal record in imposing sentence, the trial judge did not articulate what prior criminal activity defendant had engaged in. Notwithstanding, we do not *252 feel that this failure necessitates a removal for resentencing.
It should be reiterated that although defendant received the maximum sentence, she originally received an illegally lenient sentence, that being probation, which sentence defendant was not entitled to. In conclusion, we feel that any leniency that the trial court felt the defendant was owed was given when probation was ordered, which probation, was revoked due to defendant’s own actions.
Therefore we find that defendant was given the opportunity to rehabilitate herself, which opportunity she decided to abuse. The trial judge informed defendant at her original sentencing that if she violated her probation, she would get the maximum sentence that the law provides. A sentencing court is given wide discretion in the imposition of sentence within statutory limits, and a sentence will not be set aside as excessive in the absence of manifest abuse of the sentencing court’s discretion. State v. Jones, 546 So.2d 1343 (La.App. 3 Cir.1989).
For the foregoing reasons, we affirm the judgment of the trial court.

. Although Morrissey dealt with parole revocation and Scarpelli with probation revocation, the Court perceived no difference between the two relevant to the guarantee of due process. Gagnon v. Scarpelli, supra. Hence, the principles announced in each case are equally applicable to either type of proceeding.